ANSON W. ALDRICH *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

A statute of the state, enabling a city to introduce pure water, empowered the city to elect water commissioners for a fixed term, and for such subsequent terms as the city might determine, to prescribe the duties and compensation of the commissioners, and to regulate the mode and causes of their removal from office. The city owned the water works, received rents for water, and controlled the use and distribution of the water. In an action against the city for damages resulting from an unsafe highway, the damage being caused by a stream of water thrown from a city hydrant across the highway by the employees of the water commissioners, —

*Held,* that the water commissioners and their employees were the servants of the city, and that the city was responsible for their acts.

A city or town charged with a public duty in consideration of valuable privileges is liable to an individual who suffers special injury from a neglect of the duty; and a city or town which derives an emolument from the exercise of powers conferred upon it is liable for the negligent or unskilful exercise of these powers by its agents, or for the neglect of a duty which is imposed by or results from the exercise of them.

In such cases the officers engaged in the execution of the powers are to be regarded as the agents of such city or town.

PLAINTIFF'S petition for a new trial.

The facts are stated in the opinion of the Court.

*George H. Browne & Dexter B. Potter,* for plaintiff.

1. The city of Providence is a corporation, deriving all its powers as such from an act of the General Assembly. Act of October, A. D. 1831, and acts in amendment thereof.

2. The water commissioners of said city, appointed in accord-

dance with an act of the legislature passed at the January session 1866, and an ordinance of said city passed September 20, 1869, are (together with their agents, clerks, and servants) the agents and servants of said city, for whose acts of negligence, acting within the scope of their authority in rendering the highway unsafe in this case, the city is liable. Chapter 640 of the Public Laws ; City Ordinance, passed September 20, 1869 ; *Henly* v. *The Mayor of Lyme,* 5 Bing. 91 ; *Mersey Docks* v. *Gibbs,* 11 H. L. 686 ; *Scott* v. *Mayor of Manchester,* 2 H. & N. 204, 205 ; *Stackhouse* v. *City of Lafayette,* 26 Ind. 17 ; *Rochester White Lead Co.* v. *The City of Rochester,* 3 N. Y. 463 ; *Lloyd* v. *The Mayor, &c. of the City of New York,* 5 N. Y. 369 ; *Furze* v. *The Mayor, &c. of the City of New York,* 3 Hill N. Y. 612 ; *Pittsburg* v. *Grier,* 23 Pa. St. 54 ; *Child* v. *Boston,* 4 Allen, 41 ; *Thayer* v. *Boston,* 19 Pick. 511 ; *Oliver* v. *Worcester,* 102 Mass. 489 ; *Bailey* v. *The Mayor, &c. of New York,* 3 Hill N. Y. 531, and cases cited ; Cooley Constitutional Limitations, *249.

*Charles H. Parkhurst,* for defendant.

The question involved in this case is this : Were the water commissioners, in the discharge of the duties imposed upon them — Pub. Laws, cap. 640, March 8, 1866, and the Ordinance of the City of Providence, approved September 20, 1869 — public officers charged with the performance of certain public duties, or were they the agents of the city of Providence, so that the city is responsible for an injury arising from the manner in which they have performed their duties ?

The claim of the defendant is that they were public officers, and in no sense the agents of the city for whose acts the city is responsible. *Hafford* v. *New Bedford,* 16 Gray, 297 ; *Walcott* v. *Swampscott,* 1 Allen, 101 ; *Buttrick* v. *Lowell,* 1 Allen, 172 ; *Barney* v. *Lowell,* 98 Mass. 570 ; *Fisher* v. *Boston,* 104 Mass. 87 ; *Wheeler* v. *Cincinnati,* 19 Ohio St. 19 ; *Weightman* v. *Washington,* 1 Black, 39–49 ; Public Laws of Rhode Island, cap. 640, March 8, 1866 ; cap. 1003, May 31, 1872 ; cap. 334, May 30, 1873 ; City Ordinance, approved September 20, 1869.

*June 22, 1875.* DURFEE, C. J. This was an action to recover damages of the city of Providence for injuries resulting from the unsafeness of one of the streets of the city. The street was rendered unsafe by a stream of water thrown across it from a

hydrant of the city water works. The plaintiff's horse, being driven in the street, took fright at the water, ran away, and received injuries from which it died. On the trial to the jury the plaintiff claimed that the water commissioners or their employees were at fault. He also claimed that they were agents and servants of the city, and that consequently the city would be liable without further notice if the street was rendered unsafe by their acts. He asked the court so to instruct the jury. The court instructed the jury that the city would be liable if the street was rendered unsafe by its agents or servants, but refused to instruct them that the water commissioners were the agents and servants of the city. On the contrary, the court instructed the jury that the water commissioners were public officers, elected and paid by the city, but deriving their authority from an act of the legislature, and after their election not under the city's control. The jury returned a verdict for the city. The plaintiff claims the instruction was erroneous, and asks for a new trial on that account.

It is well settled, that a city or town is not liable for the negligences and tortious acts of a public officer, merely because such city or town has appointed him to office. Thus, it has been held that a policeman is a public officer, and that the city appointing him is not liable for an assault and battery committed by him in an attempt to enforce an ordinance of the city. *Buttrick* v. *City of Lowell*, 1 Allen, 172. So it has been held that a surveyor of highways is a public officer, and that the town appointing him is not liable for injuries resulting from the carelessness of a laborer in his employ. *Walcott* v. *Swampscott*, 1 Allen, 101; *Barney* v. *Lowell*, 98 Mass. 570. And so, also, it has been held that the members of a fire department are public officers, and that the city appointing and paying them is not responsible for their negligences. *Hafford* v. *New Bedford*, 16 Gray, 297. And in such a case, it is held that the city is not liable, even though the department was established and is regulated under a special statute which by its terms was not to go into effect until accepted by the city council. "However appointed or elected," say the court, "such persons are public officers, who perform duties imposed by law for the benefit of all the citizens, the performance of which the city has no control over and de-

rives no benefit from in its corporate capacity." So where power is given to a city to organize a fire department, the city is not responsible to an individual whose property has been lost by fire in consequence of an inefficient exercise of the power. The power is held to be in the nature of a delegated *quasi* sovereignty which excludes responsibility to individuals for neglect or non-feasance. *Wheeler* v. *Cincinnati*, 19 Ohio St. 19.

These cases are cases in which a city or town was sought to be charged for the negligence or misfeasance of officers recognized by the court as acting for the public, or for neglecting to perform a duty imposed upon it for the benefit of the public, and for performing which it got no privilege or emolument in its corporate capacity. The plaintiff claims that the case at bar is distinguishable from those cases, and has referred to cases which he contends show that the city of Providence is liable to indemnify him. We will briefly review the cases referred to by him.

In *Henly* v. *The Mayor of Lyme*, 5 Bing. 91, and also on appeal to the House of Lords, 2 C. & F. 331, it was held that a borough which, in consideration of a royal grant, was charged with the duty of repairing certain sea-walls, was liable to an individual who suffered special injuries in consequence of its neglect of the duty. In *Mersey Docks* v. *Gibbs*, 11 H. L. 686, it was the duty of the board to keep certain docks in fit condition, in consideration of which they were authorized to collect tolls and dock rates. The board, however, had no private interest in the rates and tolls, being bound to expend them on the docks, or in the payment of a debt incurred in building them. The board was held to be liable to indemnify the owner of a vessel which was injured in consequence of a neglect to keep the docks fit for navigation. In *Scott* v. *Mayor of Manchester*, 2 H. & N. 204, a municipal corporation was authorized to construct gas works and make and sell gas and coke; the surplus profits to go in reduction of water rates, and for other municipal purposes. The plaintiff was injured by a careless workman employed in laying gas pipes. It was held that the town, being entitled to a profit from the works, was liable to indemnify the injured person.

A city or town, it is held, is not liable to an individual for the non-exercise of a power which is legislative or judicial in its char-

acter, as for instance a power to direct the construction of drains or sewers; but, a sewer having been constructed, the duty to keep it free from obstructions is ministerial, and if it be neglected or carelessly or unskilfully performed, an action lies in favor of an individual whose property is overflowed solely in consequence thereof. *Mayor, &c. of New York* v. *Furze*, 3 Hill N. Y. 612; *Rochester White Lead Company* v. *The City of Rochester*, 3 N. Y. 463; *Child* v. *City of Boston*, 4 Allen, 41. And where a workman, employed to cleanse a sewer under the direction of an officer whose duty it was to keep it cleansed, left a hole dug in a street for the purpose, at night, without a light to show its presence, the city was held to be liable to the owner of a horse which fell into the hole and afterwards died of the injuries received. *Lloyd* v. *The Mayor, &c. of New York*, 5 N. Y. 369.

In *Pittsburg City* v. *Grier*, 23 Pa. St. 54, a city was held liable to an individual for an injury resulting from a defect in a wharf, of which the city had the exclusive control, and for the use of which it received wharfage. In *Oliver* v. *City of Worcester*, 102 Mass. 489, it appeared that the city of Worcester was the owner of a building used in part for municipal purposes, and rented in part for the emolument of the city. The city was held to be liable to an individual for an injury resulting from a hole dug by a workman employed in repairing the building, and carelessly left unguarded. The court, in delivering its opinion, used the following language: "Where a special charter, accepted by a city or town, or granted at its request, requires it to construct public works, and enables it to assess the benefit thereof upon those immediately benefited thereby, or to derive benefit in its own corporate capacity from the use thereof, by way of tolls or otherwise, the city or town is liable, as any other corporation would be, for any injury done to any person in the negligent exercise of the powers so conferred." See also *Thayer* v. *City of Boston*, 19 Pick. 511; and *Weightman* v. *Corporation of Washington*, 1 Bl. 39.

The case of *Bailey* v. *The Mayor, &c. of New York*, 3 Hill N. Y. 531, is a still stronger case. In that case the injury complained of resulted from the negligent and unskilful construction of a dam on the Croton River. The dam was a part of the work undertaken in pursuance of an act for supplying the city with

pure water, and was built by persons employed for the purpose under a contract with water commissioners appointed not by the city but by the state. It was held that the powers conferred upon the city by the act were a private franchise, granted as well for the emolument and advantage of the city as for the public good, and that the city, by voluntarily accepting the powers, adopted the commissioners appointed by the state as its own agents for carrying on the work. The city was accordingly held to be liable for the injury complained of.

These cases show that a city or town which is charged with a public duty in consideration of valuable privileges is liable to indemnify an individual who suffers any special injury. from a neglect of the duty ; and that a city or town which derives an emolument from the exercise of powers conferred upon it is liable in like manner for the negligent or unskilful exercise of the powers by its agents, or for the neglect of a duty which is consequent upon having exercised them ; and that in such cases the officers engaged in the execution of the powers are to be regarded as the agents of such city or town.

The case at bar is within this class of cases. The water commissioners were elected under an act conferring upon the city of Providence certain powers to enable it to bring into the city a supply of pure water. Under the act they were to be elected by the city council for three years at first, and for such terms afterward as the city council might prescribe. They were not put entirely beyond the control of the city. The city council were authorized by ordinance to define what portion of the powers conferred on the city they should exercise, and to prescribe what duties they should perform ; what compensation they should receive, in what manner and for what causes they might be removed from office. Moreover the construction of the water works was not to be a gratuitous service. The water works are the property of the city, which is entitled to the rents and profits derivable from them. The city has complete power to regulate the distribution of water, and to determine for what public purposes it may be employed. The service rendered by the commissioners is rather a service to the city than to the state or public at large. We do not think it material that the public has the use of the water works for the extinguishment of fires. The injury complained of did not result

from any use of them by the fire department.   It is claimed to have resulted from the careless management of a hydrant by employees of the water commissioners.  We presume those employees were acting in the general course of their employment.   They are therefore to be regarded as acting for the city and as its servants, if the water commissioners are to be regarded as the agents or servants of the city.  We think, in view of the cases referred to, and especially in view of the case of *Bailey* v. *The Mayor, &c. of New York, ante,* 3 Hill N. Y. 531, they are to be so regarded.   And see *Brooks* v. *The Inhabitants of Somerville,* 106 Mass. 271.  We therefore grant the plaintiff a new trial.       *New trial granted.*