# NEWPORT COUNTY.

## Susie H. Wixon *vs.* The City of Newport.

A private action does not lie at common law against a municipal corporation, either for the non-performance or for the negligent performance of a public duty imposed on the corporation without its request by general statute, unless it receives or is entitled to receive some privilege or profit in consideration of the duty.

Nor does such an action lie when the duty, not being imposed by statute, is voluntarily assumed under and in pursuance of a general law of the State.

The school laws of Rhode Island create a school system under which the towns are encouraged but not absolutely required to maintain public schools.

A. was injured by a defect in the heating apparatus in a public school of the city of Newport, A. being a pupil in the school.

*Held,* that the city was not liable for the injury suffered.

*Held,* further, that the immunity of the city was not affected by the fact that the schoolhouse was built by trustees who, in A. D. 1795, received power to raise money by lottery for certain improvements, the rents and profits of which were to be applied to the building and support of public schools in Newport, and that the school-house was used by the city, without rent and with the consent of the trustees.

TRESPASS ON THE CASE. On demurrer to the replications. The facts of the case and the pleadings are sufficiently stated in the opinion of the court.

*Francis B. Peckham, Jun.*, City Solicitor of the city of Newport, in support of the demurrer.

*Perce & Hallett, contra.*

1. When a duty becomes ministerial, then, although there be no statute giving the action, a municipal corporation is liable for the negligent omission to discharge such duty, resulting in an injury to others. Dillon Municip. Corp. ed. 1881, §§ 1048, 1049, 950, 980; *Williams* v. *Tripp*, 11 R. I. 447; *Aldrich* v. *Tripp*, 11 R. I. 141; *Rochester White Lead Co.* v. *City of Rochester*, 3 N. Y. 463; *Nims* v. *Mayor, &c. of the City of Troy*, 59 N. Y. 500; *Merrifield* v. *City of Worcester*, 110 Mass. 216; *City of Pekin* v. *Newell*, 26 Ill. 320; *Barton* v. *The City of Syracuse*, 36 N. Y. 54; *Bailey* v. *The Mayor, &c. of the City of New York*, 3 Hill N. Y. 531.

2. Municipal corporations are liable for the improper management and use of their property. Dillon Municip. Corp. § 985; *Bailey* v. *Mayor, &c. of the City of New York*, 3 Hill N. Y. 531; *Aldrich* v. *Tripp*, 11 R. I. 141; *Cowley* v. *Mayor, &c. of Sunderland*, 6 H. & N. 565; *Thayer* v. *Boston*, 19 Pick. 511; *Oliver* v. *Worcester*, 102 Mass. 489; *The Mayor, &c. of Savannah* v. *Cullens & Wife*, 38 Ga. 334.

3. A city or town charged with a public duty, in consideration of valuable privileges, is liable to an individual who suffers special injury from a neglect of the duty. And a city or town which derives an emolument from the exercise of powers conferred upon it is liable for the neglect or unskilful exercise of these powers by its agents, or for the neglect of a duty which is imposed by, *or results* from, the exercise of them. *Aldrich* v. *Tripp*, 11 R. I. 141; *Williams* v. *Tripp*, 11 R. I. 447; *Mayor, &c., of the City of New York* v. *Bailey*, 2 Denio, 433; *Parnaby* v. *Lancaster Canal Co.* 11 A. & E. 223; *Mersey Docks* v. *Gibbs*, 4 L. R. 1 H. L. 93; *Coe* v. *Wise*, L. R. 1 Q. B. 711; *Winch* v. *Conservators of the Thames*, L. R. 9 C. P. 378.

4. A municipal corporation has no more right than a natural person to maintain a nuisance, and is liable for injuries occasioned thereby. *The king cannot license a nuisance.* Viner's Abr. Nui-

sance, F ; *Weet* v. *The Trustees of the Village of Brockport*, 16 N. Y. 161, note; *Haag* v. *The Board of Commissioners of Vanderburgh Co.* 60 Ind. 511 ; *City of Petersburg* v. *Applegarth's Adm'r*, 28 Gratt. 321; *Brayton* v. *Fall River*, 113 Mass. 218 ; *City of South Bend* v. *Paxon et ux.* 67 Ind. 228 ; *Harper* v. *The City of Milwaukee*, 30 Wis. 365.

5. A person while on the premises of another, by invitation express or implied, is entitled to due care on the part of the owners of the property.

And corporations are bound to keep in safe condition all parts to which the public would naturally go or resort. *Oliver* v. *Worcester*, 102 Mass. 489–496 ; *Hannon et al.* v. *The County of St. Louis et al.* 62 Mo. 313 ; *MacDonald* v. *Chicago & N. W. R. R. Co.* 26 Iowa, 124–145 ; *Conrad* v. *The Trustees of the Village of Ithaca*, 16 N. Y. 158 ; *Toledo, W. & W. R. R. Co.* v. *Grush*, 67 Ill. 262 ; *Tobin* v. *Portland, Saco & Portsmouth R. R. Co.* 59 Me. 183 ; *Donovan* v. *Board of Education*, 55 How. Pr. 176 ; *Bassett* v. *Fish*, 19 N. Y. Supreme Ct. 209 ; *Wood* v. *Independent School District of Mitchell*, 44 Iowa, 27.

6. The plaintiff claims the law to be established :

*a.* That ministerial acts, even when resulting from public duties imposed by statute, must be done with proper care, or are subject to actions of negligence or trespass.

*b.* That the powers given by statute are not to be exercised at the peril of the lives or limbs of the people.

*c.* That all civil duties, imposed or not by statute, must be exercised by corporations as by individuals, with due regard for the safety of health, life, and limb, of all persons, and that such regard becomes more imperative as the recipient becomes less competent to exercise judgment and ordinary care.

*Providence, November 21, 1881.* DURFEE, C. J.   This action is brought against the city of Newport by the plaintiff, a minor suing by her next friend, to recover damages for injuries which she suffered by being scalded and burned in one of the public schools of the city, by the heating apparatus there used, which the declaration alleges was carelessly kept by the city in a defective, unsafe, and dangerous condition, without sufficient guarding or protection. The defendant pleads, among other pleas, a special

plea in bar, to the effect that the public school mentioned in the declaration was a public free school, established, kept, and maintained by the city " pursuant to the statute relating to public instruction and public schools, and the keeping of public schools, and the providing of public school-houses for the same, and the necessary fixtures and appendages thereto, and was so established, kept, and maintained by said city for the State and the public benefit, and for public purposes exclusively, as a public duty and not as a corporate duty, and that the plaintiff at said time when, &c., in said place in which, &c., was a young child attending said school for her education as a scholar therein."

To this plea the plaintiff makes two replications which are now insisted on. The first is that the city " did not keep and maintain said school as a public duty enjoined upon it by the statute of the State, but as a corporate duty voluntarily assumed by the city under the provisions of the statute," &c. The second replication recites a resolution adopted by the General Assembly in 1795, under which certain citizens of Newport, who were thereby constituted a board of trustees with perpetual succession, were empowered to raise by lottery a sum not exceeding $25,000, for the purpose of rebuilding Long Wharf, and of building a hotel in Newport, and to receive the rents and profits thereof when built, and, after paying charges, &c., to appropriate the net amount of said rents and profits to the building and support of one or more public schools in Newport for the use and benefit of the children of Newport. And the replication avers that the powers given by the resolution were duly executed by the trustees, who " from the net proceeds and rents of said wharf and hotel did build the school-house in said declaration mentioned, which school-house said defendant has become entitled to and possessed of by force of said privileges and benefits conferred upon said defendant by said resolution." To these replications the city has demurred.

The statutes of this State relating to free public schools do not make it the imperative duty of the several towns and cities to establish and maintain such schools, but create a general school system under which the several towns and cities voluntarily establish and maintain public schools, receiving from the State certain

allotments of money to help defray the cost of instruction. The first replication has been framed in view of this peculiarity, the plaintiff's contention being that the city of Newport, having voluntarily undertaken the maintenance of free public schools in the city, is liable for the negligence alleged, whether it would have been liable or not in case the maintenance had been obligatory.

It is settled that a private action does not lie at common law against a municipal corporation for either the non-performance or the negligent performance of any public duty which is imposed on it by general statute without its request, unless the corporation receives or is entitled to receive some privilege or profit, benefit or emolument, in consideration of the duty. Thus in *Bigelow* v. *Inhabitants of Randolph*, 14 Gray, 541, it was decided under the law of Massachusetts, that a town which had assumed the duties of school districts was not liable to a pupil attending school for injuries occasioned by a dangerous excavation negligently left in the school-house yard; and, in *Hill* v. *Boston*, 122 Mass. 344, it was decided that a child attending a public school in a school-house provided by the city of Boston, under the duty imposed upon it by general law, could not maintain an action against the city for an injury received in passing over a staircase in the school-house by reason of the unsafe condition of the staircase. These cases are strikingly analogous to the case at bar. The counsel for the plaintiff contends that the case at bar is distinguishable from them in that the duty in the Massachusetts cases was compulsory, being imposed by statute, whereas in the case at bar it was voluntarily assumed. This is a distinction which, in our opinion, does not affect the liability. Of course, if the duty or service is not obligatory, no liability can arise from a mere omission to perform it, and the only question is whether a liability can arise from a negligent performance of it. We think it cannot arise any more when the duty is voluntarily assumed, if it is assumed under and in pursuance of a general law of the State, than when it is peremptorily imposed. If we understand the cases aright, the ground of exemption from liability is not that the duty or service is compulsory, but that it is public, and that a municipal corporation, in performing it, is acting for the State or public in a matter

in which it has no private or corporate interest; and that therefore, inasmuch as it can only act through its officers or servants, it is entitled to have them, while engaged in the performance of the duty or service, regarded as the officers or servants of the public, and to be exempt from any private responsibility for them.

The distinction then, which has been attempted in favor of the plaintiff, has no foundation in reason, and, so far as we know, is unsupported by authority. On the contrary, there are cases in which a liability for injury has been denied, when, if the distinction were valid, it ought to have been asserted. Thus in *Hafford* v. *The City of New Bedford*, 16 Gray, 297, it was decided that the city of New Bedford was not liable for a personal injury occasioned by the negligence of the members of a fire department, established by the city council, under a statute which authorized but did not *require* the establishment; the members of the department, notwithstanding they were appointed and paid by, and were to a great extent subject to the control of, the city council, being regarded as *public* officers.

The case of *Fisher* v. *Boston*, 104 Mass. 87, was a similar case, similarly decided; and it was held further, in that case, that the city was exempt from liability, although the fire department was established and regulated under a special statute, which by its terms required acceptance by the city council before it took effect. In *Eastman* v. *Meredith*, 36 N. H. 284, it was decided that a voter who received a bodily injury while in attendance on a town meeting, in consequence of an imperfection in a town-house erected by the town, could not maintain any action against the town for damages. There the duty of erecting the town-house does not appear to have been imposed by statute, but was voluntarily assumed as a public duty.

In *Richmond* v. *Long's Administrators*, 17 Gratt. 375, it was decided that the city of Richmond was not liable for the loss of a slave, admitted to the city hospital to be treated for the small-pox, and whom the servants of the city in charge of the hospital negligently suffered, when delirious, to escape, wander off, and die. Here the hospital was established by the city under a statute authorizing, but not requiring, its establishment. In all these cases

the ground of decision was that the duty or service was public, and that it was gratuitously performed by the municipal corporations without any corporate profit, privilege, or emolument accruing therefrom. And see Dillon Municip. Corp. §§ 974–978, and notes.

There are cases in which particular towns or cities have been held liable for damages caused by neglect to perform public duties growing out of powers not belonging to them under the general law, but specially granted. In these cases the alleged ground of liability is that the powers, though their exercise may redound to the public good, are granted to the particular town or city as a special privilege, which is in itself a consideration for their faithful execution. Clearly the case at bar does not fall within this class of cases. The statutes relating to public schools are general, extending to all the towns in the State. They create a system, as we have previously said, which the several towns are persuasively encouraged, though not peremptorily required, to accept. We can therefore see no reason whatever why the city of Newport should be subjected to liability merely because it acted without compulsion when, consenting to the policy of the State, it accepted the system. The duty or service is the same in its intrinsic character and in its relation to the public, whether voluntarily or compulsorily performed.

We pass to the consideration of the question raised by the second replication. The second replication shows that the school-house was built, not by the city of Newport, but by the board of trustees under the resolution of A. D. 1795. How the city came into possession of it the replication does not show. It alleges that the city became possessed of it by force of the privileges and benefits conferred upon it by the resolution. The resolution, however, as recited in the replication, does not confer any privilege or benefit on anybody but the trustees, and the children of Newport through them. How, then, did the city of Newport obtain possession of it, and how can its possession of it affect its liability? It was intimated in the course of the argument, that the city of Newport has possession of it by permission of the trustees without charge. How does this make the city any more liable than it would be if it paid full rent for it? How does it make the

city any more liable than it would be if it had received the school-house as a free gift from any person other than the trustees? We do not perceive. If indeed it were shown that the city had succeeded to all the rights and duties of the trustees under the resolution of 1795, the case would present a different question deserving fuller consideration. The replication does not show this, and, in our opinion, what it does show does not affect the liability of the defendant.

*Demurrer sustained, replications overruled, and the special plea in bar sustained.*