GEOFFREY MILLER *et al. vs.* WALTER L. CLARKE, C. T.

CESARE MARIONELLI *vs.* SAME.

GUISEPPE GEMMA *et al. vs.* SAME.

TOMASSO LANZI *vs.* SAME.

JUNE 24, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Barrows, JJ.

(1) *Municipal Corporations. Licenses. Fireworks. Governmental Functions.*

The action of an agent of a municipal corporation in granting a license to keep, store and manufacture fireworks and high explosives was in regulation for the public safety of a business and such regulation was not undertaken for the advantage of the municipality, but was an exercise of a public or governmental function.

(2) *Municipal Corporations. Governmental Functions. Liability.*

In the exercise of governmental or public functions a municipality is not subject to civil liability unless the same is specifically imposed by statute.

(3) *Municipal Corporations. Licenses. Fireworks. Governmental Functions.*

Gen. Laws, 1923, cap. 51, § 21, provides that town and city councils may prohibit the manufacture storing and keeping of explosives unless a license

for the same shall be first obtained from the town council or board of aldermen.

Cap. 19, sec. 1, ordinances of the City Council of Providence, rev. 1914, prohibits the manufacture of any high explosive unless a license for the same shall first be obtained from the board of aldermen:.—

*Held*, that in granting a license for the manufacture and storing of fireworks the board of aldermen of Providence was exercising the authority delegated to it by the State.

*Held*, further, that in empowering the city to prohibit the manufacture and storing of high explosives the legislature to that extent conferred upon it a portion of the police power of the State and in the exercise of this power in the absence of an express provision to the contrary, the city was not subject to civil liability.

*Held*, further, that the real power to license, notwithstanding prohibition by the City Council was delegated by the State to the discretion of the board of aldermen, but such action by such board could not become the basis of legal liability in the city, for the members of the board did not act as agents of the city but as public officers performing duties delegated to them by the legislature.

TRESPASS ON THE CASE. Heard on exceptions of plaintiffs and overruled.

SWEETLAND, C. J. Each of the above entitled causes is an action of trespass on the case brought against the city treasurer of Providence to recover damages for injuries to the plaintiff's property alleged to have resulted from the wrongful act of the city of Providence in granting a license to certain persons, carrying on business under the style of the Rhode Island Fireworks Company, to manufacture and keep in their possession in the city of Providence fireworks, powder, bombs and other high explosives in circumstances amounting to a nuisance.

Each case is before us upon the plaintiff's exception to the ruling of a justice of the Superior Court sustaining a demurrer to the declaration.

The declaration in each case alleges substantially that the city of Providence on July 13, 1922, acting "through its duly authorized officials and agents", licensed said persons, carrying on business as the Fireworks Company, to keep, store and manufacture fireworks and high explosives at their place of business, which was located in a

district of Providence near to the dwelling house of the plaintiff and to other dwelling houses and also to a public street, and that on May 26, 1923, an explosion occurred on the premises of the Fireworks Company which explosion caused serious injury to the dwelling house and to the furniture of the plaintiff.  The principal ground of demurrer is that the declaration does not state a cause of action against the defendant municipality.

(1)     If, in the circumstances, it can properly be said that the act complained of was that of an agent of the defendant, it was in regulation for the public safety of a business, incidental to which, if not conducted with care, was the possibility of injury to those engaged in it, and to others in its neighborhood.  Such regulation was not undertaken for the advantage of the city in its corporate capacity but was an exercise of a public or governmental function.

A municipality such as the city of Providence acts in a dual capacity, first as a corporate individual.  In the exercise of its powers as such corporation it is generally subject to civil liability for the omission, negligence or misconduct of its officers, servants and agents.  Second, the city acts in a public character from which it derives no corporate advantage.  This court has approved and applied the generally recognized principle that in the exercise of such public (2) or governmental function a municipality is not subject to civil liability unless the same is specifically imposed by statute.  *Wixon* v. *Newport,* 13 R. I. 454; *Blair* v. *Granger,* 24 R. I. 17.  Such was also the real ground of the decision in *Hassett* v. *Thurston,* 43 R. I. 47.

Each of the several plaintiffs seeks to avoid the effect of an application of the legal principle just stated by an allegation in the declaration that in authorizing the conduct of the business of said Fireworks Company near the dwelling house of the plaintiff the officials of the city were "licensing a nuisance."  For the soundness of this position plaintiff relies upon the authority of certain cases from other jurisdictions in which courts have held that although legal

liability has not been specially imposed by statute a municipality is subject nevertheless to a private action for damages resulting from its public or governmental acts, when such acts constitute a nuisance. It has been held that in creating a nuisance a municipality can not be regarded as exercising governmental functions but is simply doing something forbidden by law, for the consequences of which it should be held civilly liable to the private action of a person injured thereby. Without either accepting or denying the soundness of that doctrine, as a general principle, we are of the opinion that it is not applicable here.

By Section 21, Chapter 51, General Laws, 1923, it is provided among other things that town and city councils may prohibit the manufacture, storing and keeping of explosives and explosive chemicals "unless a license for the same shall be first obtained from the town council or board of aldermen, which license shall be for the term of one year from the date thereof unless sooner revoked by order of said town council or board of aldermen." By Section 1, Chapter 19 of the Ordinances of the City Council of Providence, Revision of 1914, the manufacture within said city of any high explosive or any substance a part of which shall be a high explosive is prohibited unless a license for the same shall first be obtained from the board of aldermen of said city.

The allegations of the declaration with reference to the issuance by the "duly authorized officials and agents" of said city of a license for "the manufacture, keeping and storing of explosive powder, fireworks, bombs and other high explosives" is very general in its terms. We find, however, no authority for the granting of such a license except that delegated to the board of aldermen under the statute referred to above. We assume that it is to such a license that the allegations of the declaration have reference. In granting the license in question the board of aldermen of the city of Providence was exercising the authority delegated to it by the State.

Save as restrained by the constitution, the general assembly possesses all of the legislative governmental powers of the State. The legislative regulation of the manufacture, keeping, storing and sale of high explosives is a proper subject for the exercise of the police power of the State, for the public safety and welfare. For failure of the general assembly to provide proper regulation on the subject, or for the manner in which public officials may administer such regulations as are prescribed, the State can not be called to account in a private action unless permission for such action is explicitly granted. In empowering the city of Providence to prohibit the manufacture, storing and keeping of high explosives within the limits of that municipality the general assembly to that extent conferred upon the city a portion of the police power of the State. The exercise of the power and authority to prohibit thus conferred upon the city was entirely discretionary. In the exercise of this delegated discretionary or semi judicial power, in the absence of an express provision to the contrary, the city is not subject to civil liability just as the sovereign is not. The real power to license, however, notwithstanding prohibition by the city council, was delegated by the State to the judgment and discretion of the board of aldermen. Such action by the board cannot become the basis of legal liability in the city, for in this matter the members of the board do not act as agents of the city but, as public officers performing duties delegated to them by the general assembly. The principle enunciated in *McGinnis* v. *Medway*, 176 Mass. 67, appears to us to be applicable here. In that case it was held that although the question of granting licenses for the sale of intoxicating liquors in a city or town of Massachusetts was determined by vote of the inhabitants of that city or town, the licensing board, whether a special commission, or the mayor and aldermen, or the selectmen do not act as agents of the city or town but as public officers specially designated in that behalf, and in the absence of any statute to the contrary the city or town is

not answerable for their acts as such officers. For the reasons which we have given we are of the opinion that the demurrer should be sustained. Even if the board of aldermen should be regarded as the agents of the city in granting the license, the city would not be liable. For in the whole matter the city is merely the representative of the State with delegated discretionary power, and, however unwise the exercise of such power by the city or its officers and agents, the city has the same immunity from private action as has the State itself. We think, however, that the sounder view is that, upon the proper construction of the statute and the ordinance adopted upon the authority of the statute, the board of aldermen were not in this matter acting as agents of the city.

We have examined all of the authorities cited by the plaintiff and do not regard them in point. They generally relate to the liability of municipalities for nuisance of their own creation, as for example the deposit by a city of filth and refuse in a public highway, the conduct by the municipality of fireworks exhibitions in a city street, the dumping of street refuse upon a pier owned by the municipality in the absence of clear legislative authority so to do, the permitting of dangerous exhibitions in the city streets, and the erection by a city of a garbage incinerator in circumstances amounting to the taking of private property for a public use. It may be said of most of these cases, that upon similar states of fact other courts of equal authority have, in the absence of express statutory imposition of liability, held municipalities not to be subject to private action. From our examination of the cases cited by the plaintiff, we are of the opinion that they are all distinguishable from the cases at bar.

In each case at bar the plaintiff's exception is overruled and each case is remitted to the Superior Court for further proceedings following the decision upon demurrer.

*George F. O'Shaunessy, Peter Leo Cannon,* for plaintiffs.

*Elmer S. Chace, City Solicitor, Herbert E. Eklund, Asst. City Solicitor,* for defendant.