AGNES KARCZMARCZYK *vs.* JAMES W. QUINN, *City Treasurer of Woonsocket.*

MAY 15, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an action of trespass on the case for negligence brought to recover for injuries sustained in a fall on a public highway in the city of Woonsocket on September 15, 1960. The case was tried to a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the amount of $7,500. The defendant's motion for a new trial was granted on the issue of damages unless the plaintiff filed her remittitur as to all of the verdict in excess of $5,500. She filed the remittitur, but the defendant has prosecuted a bill of exceptions to this court.

The record discloses that in September 1960 substantial repairs were being made to the Court street bridge, a portion of the public highway system of the city of Woonsocket. The work was being done under a contract entered into between the city and Consolidated Builders, Inc., and it is not disputed that a subcontractor engaged in working on the

bridge had made arrangements with the director of public works to be supplied with water under pressure for use at the bridge site. The director of public works ordered the superintendent of the water department to supply such water, who, it appears, made the arrangements now under consideration with the fire department. Pursuant to such arrangements and at the direction of a chief officer, two members of the fire department took a pumping engine to a location on Court street and connected it by a hose line to a hydrant on Main street near the corner of Court street.

It appears from the evidence that the firemen in charge of the pumper placed this hose line close to the curb on Main street and at the intersection of Main and Court streets laid it across a pedestrian crosswalk. A second hose line was connected to a discharge port on the pumper and was extended to the bridge site where employees of the subcontractor took over control of the line. It is not disputed that on September 15, 1960 the hose line that connected the pumper with the hydrant was in use supplying water to the pumper which was then delivered under pressure to the subcontractor at the bridge site.

The plaintiff testified, in substance, that on such date she was shopping in Woonsocket and at about noon left McCarthy's dry goods store by way of the Main street entrance. She proceeded to walk to the crosswalk at Main and Court streets, intending to cross to the other side of Main street. According to her testimony she waited at the curb for the traffic light to change and, when it did, she, along with several other people, started to cross the street. She testified that as she stepped from the curb, "I catch the hose, the hose there, and I can't go no more further because that hose stopped me." She testified further that after she fell, she looked about to see what had caused her to fall and at that time saw the hose on the street near the curbstone and noted that it was gray or dirty in color.

The amended declaration was in two counts, in each of which plaintiff, in substance, alleged that defendant was engaged in the business of collecting, supplying, and selling water; that at the time under consideration it was supplying water to the contractors for their use in repairing the Court street bridge; that the employees of defendant were negligent; that plaintiff was in the exercise of due care; and that "first having presented her claim for damages to the City Council of said City of Woonsocket, and just and due satisfaction not having been made to her within forty (40) days, she now brings her suit as provided by statute." She laid the ad damnum at $50,000 in each count. It is not disputed that plaintiff's allegation of compliance with the statutory provisions for notice to defendant of her claim for damages was added to the second count of the declaration by amendment during the course of trial.

The trial justice, after granting plaintiff's motion to thus amend the declaration, permitted defendant to file a fifth plea thereto wherein it alleged, in substance, that plaintiff's action was for an injury resulting from a defect in a highway and that the remedy provided for the recovery of damages for such injury in G. L. 1956, §45-15-8, is barred unless it is instituted within a period of one year after the date of the injury under §45-15-9. The defendant contends that the instant suit was instituted more than one year after the injury and is barred under that provision. The plaintiff demurred to the fifth plea on the ground that the action is not founded on the provision of the statute obliging the city to maintain and repair the public highways and that, therefore, her notice of the claim to the city council was given properly pursuant to the provisions of §45-15-5 and her action was not barred if brought within two years of the injury. G. L. 1956, §9-1-14. The trial justice sustained the demurrer specifically on the ground that the limitation contained in §45-15-9 was without application.

The defendant contends that the trial justice erred in his several rulings negating defendant's common-law immunity from civil liability for the negligent performance of a governmental function. It argues, first, that plaintiff's injury was caused by the negligence, if any, of its fire department in the exercise of a governmental function, to which such immunity from liability attaches at common law. It further argues that plaintiff's injury resulted from its failure to keep the highway safe for travel under the obligation imposed upon it by the provisions of §24-5-1 and therefore only the statutory remedy provided in §§45-15-8 and 45-15-9 is available to her. It being therein provided that action must be brought within one year after the injury occurs, the instant action, having been brought more than one year thereafter, is barred.

We see no merit in the contention that plaintiff's injury resulted from the negligent performance of a municipal function by members of the fire department. The operation of a fire department is a governmental function, and a municipality is immune from liability for the negligent performance thereof. However, the acts of the firemen under consideration here were in no manner essential or relevant to the exercise of that function. In *Dodge* v. *Granger,* 17 R. I. 664, we recognized that the operation of a fire department as a governmental function requires more than the mere extinguishment of fires. However, in *Blair* v. *Granger,* 24 R. I. 17, it is indicated that the immunity from liability for the negligent performance of those functions arises only when the relevant conduct was in the discharge of duties essential to the performance of that governmental function.

It is true that in the instant case the injury to plaintiff resulted from the act of members of the fire department who at the direction of a superior officer thereof placed the hose line on the highway. It would be unrealistic, however, to hold that in so doing they were discharging a duty

which inheres in the operation of a fire department as a governmental function. The act of the firemen here from which plaintiff's injury resulted was clearly done in the performance of defendant's proprietary function in the operation of a water department. That being so, this court will not extend the common-law doctrine of immunity from liability for the tortious conduct of its employees to injury resulting from acts required to discharge the proprietary function merely because the acts were committed by members of the fire department.

The defendant's second argument raises the question whether it has immunity from civil liability for injury caused by the unsafe condition of a highway when the condition was created by the negligent performance of a proprietary function, such immunity, of course, being subject to the waiver thereof set out in §45-15-8. In short, is the statutory remedy the only one available to a person injured by a defect in a highway even though the defective condition was caused by the negligent performance of a proprietary function and not in the discharge of the statutory obligation to keep the highway safe for travel as is required in §24-5-1?

Section 24-5-1 imposes upon municipalities the obligation to repair and amend their highways "so that the same may be safe and convenient for travelers with their teams, carts and carriages at all seasons of the year * * *." It is settled that the statutory obligation thus imposed constitutes a governmental function for the negligent performance of which a municipality is not subject to liability unless the same be specifically imposed by statute. *Miller* v. *Clarke,* 47 R. I. 13. It is equally well settled that the provisions of §45-15-8 constitute a legislative waiver of that immunity from liability to the extent therein prescribed. The legislature has created this statutory remedy, and it is conceded that the jurisdiction of the court in such situations turns upon strict compliance with the terms

thereof. The defendant, as we have noted, contends that plaintiff failed to comply with the terms of the statutory remedy, and therefore her action was barred.

It is our opinion, however, that the immunity of a municipality at common law from liability for the negligence of its employees attaches only when the conduct directly involved the performance of a governmental function, in the instant case the statutory obligation to repair and amend the highways so as to make them safe and convenient for travelers. It is clear in the instant circumstances that the highway was made unsafe by negligence in the operation of defendant's water department, a proprietary function. It is our conclusion that the injury to plaintiff having been caused by the negligent exercise of a proprietary activity of defendant, the immunity which defendant claims did not in fact attach.

This court has recognized that the common-law immunity never applied to cases involving negligence in the performance of a proprietary function. In *Aldrich* v. *Tripp,* 11 R. I. 141, 146, we said "that a city or town which derives an emolument from the exercise of powers conferred upon it is liable in like manner for the negligent or unskilful exercise of the powers by its agents, or for the neglect of a duty which is consequent upon having exercised them * * *." The court then went on to note that the operation of a waterworks by a municipality is proprietary. In *Wixon* v. *City of Newport,* 13 R. I. 454, 458, this court said of the immunity from liability: "* * * the ground of exemption from liability is not that the duty or service is compulsory, but that it is public, and that a municipal corporation, in performing it, is acting for the State or public in a matter in which it has no private or corporate interest * * *." We find the reasoning in these cases to be persuasive of the soundness of our conclusion that the common-law immunity claimed by defendant in the instant case did not attach for the reason that the negligence from which the

injury resulted was in the operation of a proprietary function.

We are constrained to hold then that plaintiff had a remedy at common law for the alleged negligence of defendant other than the remedy created and provided for in §45-15-8. In this circumstance the question of whether she complied with the time limits set out in §45-15-9 for the commencement of an action is without materiality. For this reason we are of the opinion that plaintiff's demurrer to defendant's fifth plea asserting a failure to comply with the period of limitation set out in the remedy prescribed in §§45-15-8 and 45-15-9 was properly sustained. Because we take this view we are constrained to overrule all of the exceptions of defendant which relate to defendant's defense of immunity from liability in the premises.

We have considered the defendant's contention that the plaintiff, in giving notice of her claim, specifically referred to the provisions of §45-15-9 and thereby limited her recovery for the injury sustained to the remedy provided in said §45-15-8. We perceive no merit in this contention. The clear purpose of the statutory notice contemplated in §45-15-9 is to inform the defendant of the nature of the claim that is made against it in sufficient detail to permit it to investigate the circumstances thereof and to prepare a defense against it. It is otherwise to be construed liberally in favor of the plaintiff. *Gannon* v. *Fitzpatrick*, 58 R. I. 147. We see nothing in the provision that warrants construing it as precluding the plaintiff from subsequently commencing an action at common law for such recovery. That the notice given in the instant circumstances was sufficient to satisfy the purposes of the statute is clear, and we are unable to perceive that the defendant was in any manner prejudiced by the ruling of the court concerning the relevance of such issue to the issues in this case.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Richard J. Israel,* for plaintiff.

*Walter H. Sharkey,* for defendant.