**PEOPLE'S TRUST CO.**

v.

**James K. SEARLES.**

**No. 82–290–Appeal.**

Supreme Court of Rhode Island.

Jan. 18, 1985.

William F. Hague, Providence, for plaintiff.

Zvi H. Smith, Providence, for defendant.

OPINION

SHEA, Justice.

This appeal from summary judgment entered against the defendant, James K. Searles, in the Superior Court began as an

action to recover payments alleged due the plaintiff, People's Trust Co. (the bank), for purchases and charges incurred on the defendant's Visa credit card. We affirm the judgment entered below.

On February 22, 1982, the bank filed a complaint in the District Court, alleging that prior to February 15, 1982, it had issued a Visa credit card to James K. Searles and that "certain purchases were made and/or money advanced" by use of the credit card amounting to $1,544.55. The bank alleged that according to the terms of the standard Credit Card Agreement, defendant was liable for the full amount of purchases plus interest, finance charges, and reasonable attorneys' fees.

The defendant's answer asserted as a fourth defense that a replacement credit card had been stolen in June of 1981, that the bank had been notified, and that therefore he had no liability for charges made on the card after that date.

The bank moved for summary judgment and filed an affidavit, stating that "between August 1978 and March 1982 certain purchases were made and/or money advanced by use of said card amounting to $1544.55" and that defendant was liable on this amount plus interest and other charges. The defendant filed an affidavit in opposition, stating that his "Visa card was stolen in June of 1981 and that charges here in question were incurred mainly after that date by the unauthorized use of said card of which the bank had notice."

The bank then filed a supplementary affidavit, acknowledging defendant's notification that the card was stolen in June of 1981 but stating that "all charges that are the subject of this complaint were made prior to the theft." This affidavit also listed the forwarding balance and charges from the bank's statements of May and June of 1981 that were the subject of the action.

The District Court entered an order for summary judgment for the bank in the amount of $1,970.33, which included costs, interest, and attorneys' fees. The defendant appealed to the Superior Court.

In support of its motion for summary judgment in Superior Court, the bank filed a memorandum, restating the position and facts contained in the supplementary affidavit previously filed. The defendant filed an affidavit of defense, stating, "I could not have made the charges charged to me in the Affidavit of Edwin Counts because, for example, there is a charge to Medi Mart in Chelsea, Mass. on May 2, 1981. On that date I was not in Chelsea, Mass. and in fact I was not in Chelsea, Mass. at any time during 1981 and in fact can never remember ever being in a Medi Mart in my life. Likewise, I do not remember charging anything at Eric's in Cranston on May 30, 1981."

At the hearing on the motion for summary judgment, the bank agreed to waive the disputed charges made at Medi Mart and Eric's. The trial justice then entered judgment for $1,901.85, which was the amount of the judgment originally entered in the District Court minus the two disputed charges totaling $68.48 that the bank had agreed to waive. The defendant then appealed.

As we have previously stated, "summary judgment is a drastic remedy and should be cautiously applied; nevertheless, where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment properly issues." *Ardente v. Horan*, 117 R.I. 254, 256–57, 366 A.2d 162, 164 (1976). Thus, the burden of proof is on the opponent to prove a material issue of fact exists.

"[W]hen a party who seeks summary judgment has established a sufficient basis from affidavits, pleadings, and discovery materials in order to prevail on such motion, the burden shifts to the opponent of the motion to respond with specific facts that would constitute a genuine issue for trial." *Nedder v. Rhode Island Hospital Trust National*

*Bank,* R.I., 459 A.2d 960, 962 (1983); *see also Ludwig v. Kowal,* R.I., 419 A.2d 297, 301 (1980).

██ In the record before us, the only "facts" offered by defendant took the form of general denials to the two separate charges at Medi Mart and Eric's. When the bank agreed to waive its claim to the two charges, no genuine issue of material fact remained and the bank was entitled to summary judgment as a matter of law.

██ Before us, the defendant argues that nothing is present in the record prior to May 1981 indicating what he is being charged for and when the purchases were made. He failed, however, to assert any further facts that would constitute a genuine issue for trial. If a party needs further discovery in order to make out an affidavit containing essential facts, he or she may seek relief under Super.R.Civ.P. 56(f) and, in the court's discretion, obtain a continuance to permit further discovery. No such motion was made by the defendant in Superior Court.

For the reasons stated, the appeal of the defendant is denied and dismissed, and the judgment of the Superior Court is affirmed.