Elizabeth MULVANEY

v.

**Stephen NAPOLITANO, in his capacity as Treasurer of the city of Providence.**

No. 92–563–Appeal.

Supreme Court of Rhode Island.

March 10, 1994.

John J. Nugent, Jr.

Richard Riendeau, Steven Catalano.

ORDER

This matter came before the Supreme Court pursuant to an order requiring both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. The defendant, Stephen Napolitano, in his capacity as Treasurer of the city of Providence, appeals from the Superior Court's denial of his motion for a directed verdict, his motion for a new trial, and the judgment entered in favor of the plaintiff, Elizabeth Mulvaney (Mulvaney), for $37,800.

The record reflects that Mulvaney suffered injuries to her face and broke her wrist when she fell on a street in downtown Providence. Her attorney notified the city of her injuries, including the date and approximate location and time of her fall. At trial, the trial justice denied defendant's motion for a directed verdict, which was based on a variance between Mulvaney's testimony and her notice to the city.

The defendant argues that the trial justice committed error prejudicial to defendant that warrants reversal of the judgment. He contends that a failure to provide a notice of claim with sufficient and accurate information is the equivalent of failing to give notice. The plaintiff asserts that the slight differences between her notice of claim and the evidence presented at trial regarding the location and nature of the defect do not justify reversal.

General Laws (1991 Reenactment) § 45–15–9 requires a person injured on a town

highway to notify the town within sixty days of "the time, place, and cause of the injury or damage[.]" The purpose of this notice is to inform the defendant of the nature of the claim brought against it in detail sufficient to enable it to investigate the circumstances and prepare a defense against it. *See Karczmarczyk v. Quinn,* 98 R.I. 174, 181, 200 A.2d 461, 465 (1964). Although the notice requirement is a condition precedent to a plaintiff's right of action, *see, e.g., Marshall v. City of Providence,* 633 A.2d 1360, 1361 (R.I.1993) (mem.), the statute is otherwise to be construed liberally in a plaintiff's favor. *See Karczmarczyk,* 98 R.I. at 181, 200 A.2d at 465.

The record reflects that plaintiff's notice to the city was sufficient to apprise it of the location, time, and cause of plaintiff's injury to enable the city to investigate and defend against the claim. After hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown.

Consequently, the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.