WOOLRICH, INC.

v.

Thomas PELLEGRINO et al.

No. 93-689-Appeal.

Supreme Court of Rhode Island.

Nov. 23, 1994.

Sheryl A. Goldin, Providence.

Dawn Mosher, Cranston.

ORDER

This case came before the Supreme Court for oral argument on November 16, 1994, pursuant to an order that directed the defendants, Thomas and Lucille Pellegrino, to show cause why their appeal should not be summarily denied and dismissed. The defendants have appealed the granting by the Superior Court of the motion for summary judgment of the plaintiff, Woolrich, Inc.

In August 1992, plaintiff filed a complaint alleging that defendants owed plaintiff $7,442.58 plus interest and attorneys fees pursuant to a personal guaranty signed by defendants in May 1976 for their corporation, Outdoorsman, Inc. Subsequently, plaintiff filed a motion for summary judgment. The defendants filed a cross-motion for summary judgment on the ground that there was "no justiciable issue of law or fact."

At the hearing on the motion for summary judgment, plaintiff argued that the personal guaranty that defendants signed in 1976 on behalf of Outdoorsman, Inc., was continuing and was never revoked; therefore the guaranty covered invoices unpaid since 1989. The defendants, on the other hand, argued that the guaranty was discharged after Outdoorsman, Inc., filed a chapter 11 bankruptcy petition in 1981, after which defendants alleged a new agreement with plaintiff was negotiated.

In deciding a motion for summary judgment, the trial justice must review all evidence in a light most favorable to the nonmoving party and consider only whether there is a genuine issue as to any material fact which must be resolved. Upon review

**1234** ■ 

this court follows the same standard as the trial court in ascertaining whether the motion was properly granted or denied. *Holliston Mills, Inc. v. Citizens Trust Co.,* 604 A.2d 331, 334 (R.I.1992); *People's Trust Co. v. Searles,* 486 A.2d 619, 620 (R.I.1985).

The trial justice concluded that there was no discharge of the guaranty obligation in bankruptcy nor any revocation or evidence of material change in the guaranty. The trial justice's finding regarding the status of the guaranty supported her granting of the plaintiff's motion for summary judgment as a matter of law. Because a debt obligation was based on the guaranty, the plaintiff was legally entitled to the payment.

Consequently, we affirm the judgment of the trial justice. We deny and dismiss the appeal and remand the papers in the case to the Superior Court.

WEISBERGER, Acting C.J., did not participate.