**Deborah POWERS d/b/a Juliet's Balcony**

v.

**Marco CALVO, M.D. et al.**

No. 95–200–A.

Supreme Court of Rhode Island.

March 27, 1996.

Jonathan Oster, Bruce Sawyer, Lincoln.

James S. D'Ambra, Robert P. Corrigan, Providence.

## ORDER

This case came before a panel of the Supreme Court for oral argument on March 19, 1996, pursuant to an order that directed the plaintiff, Deborah Powers, doing business as Juliet's Balcony, to show cause why her appeal should not be summarily denied and dismssed. The plaintiff has appealed from a summary judgment entered in the Superior Court in favor of defendants, Marco Calvo, M.D. (Calvo) and R. Bruce LeBlanc, Jr. (LeBlanc).

On December 18, 1989, an electrical fire began in commercial space that LeBlanc leased from Calvo. The plaintiff, who leased adjoining space from Calvo, initiated the instant action in December 1992, claiming that smoke and water damage to her property forced her to close her business. In her complaint, plaintiff alleged that both Calvo, in his maintenance of the premises, and LeBlanc, in his use of the premises, had negligently caused the fire.

Both defendants moved for summary judgment. In a written decision granting the defendants' motions, the trial justice found that Calvo was under no duty to maintain the wiring in the premises that he leased to LeBlanc. She further found no evidence to support plaintiff's allegation that Calvo and LeBlanc had been negligent.

In deciding a motion for summary judgment, the trial justice must review all evidence in a light most favorable to the non-moving party and consider only whether there is a genuine issue of material fact which must be resolved. Upon review, this court applies the same standard as the trial court in ascertaining whether the motion was properly granted or denied. *Holliston Mills, Inc. v. Citizens Trust Co.,* 604 A.2d 331, 334 (R.I.1992); *People's Trust Co. v. Searles,* 486 A.2d 619, 620 (R.I.1985).

In this case, the trial justice found that no written lease agreement existed between LeBlanc and Calvo, and she further found that the light fixture that caused the fire had never been repaired by LeBlanc or Calvo. In light of these findings, we are satisfied that the trial justice did not err in concluding that Calvo had no duty to maintain the electrical wiring in LeBlanc's premises.

In addition, the trial justice determined that neither LeBlanc nor Calvo had acted negligently. Calvo had never repaired the fixture that caused the fire, and there was no evidence that he knew of any defect in the wiring, nor was there any evidence that LeBlanc had notice or prior knowledge of any wiring defect.

Consequently, we affirm the judgment of the trial justice. We deny and dismiss the appeal, and remand the papers in the case to the Superior Court.

BOURCIER, J., did not participate.