

Peter J. Cerilli, Providence, for Plaintiff.

Richard G. Riendeau, Alan E. Kornstein, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**Dioairo MERCADO**

v.

**CITY OF PROVIDENCE.**

**No. 99–448–Appeal.**

Supreme Court of Rhode Island.

May 4, 2001.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on March 8, 2001, pursuant to an order directing the plaintiff to appear and show cause why the issue raised in this appeal should not be summarily decided. The plaintiff, Dioairo Mercado (plaintiff or Mercado), appealed the grant of a motion for summary judgment entered in favor of the defendant, City of Providence (defendant or city). After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore the case will be decided at this time.

This case arose from an injury that plaintiff allegedly suffered while walking on the sidewalk in front of 35 Gilmore Street in the city of Providence. The following facts are not in dispute. On July 8, 1996, plaintiff fell and injured his left foot and leg while walking past 35 Gilmore Street in Providence, after allegedly tripping on a hole that surrounded a water shutoff valve in the sidewalk. In compli-

ance with G.L.1956 § 45–15–5,[1] plaintiff notified the city council of his claim on August 5, 1997. On January 12, 1999 plaintiff filed this personal injury action in Providence County Superior Court. The sole ground of plaintiff's complaint was that the city negligently failed to repair or replace the sidewalk. In its answer the city denied the claim of negligence and raised as an affirmative defense plaintiff's failure to provide proper notice as required by § 45–15–9.[2]

On February 2, 1999 the city filed a motion for summary judgment, asserting that plaintiff delayed filing his claim until August 6, 1997, thirteen months after suffering his injury, and thus, failed to comply with the sixty-day notice requirement set forth in § 45–15–9.

The city's motion was heard and granted on June 22, 1999. The trial justice rejected plaintiff's argument that pursuant to *Karczmarczyk v. Quinn*, 98 R.I. 174, 200 A.2d 461 (1964), the required notice was unnecessary because the disrepair was the fault of the city's Water Supply Board and not its Department of Public Works. The trial justice disagreed and distinguished *Karczmarczyk* as follows,

"In [*Karczmarczyk* ], what the Water Supply Board was doing at the scene was they were supplying water so that a subcontractor who was making part of this bridge repair could complete their portion of the work that they were obligated to perform under the contract[,] * * * it wasn't any kind of governmental function that the Water Supply Board was doing when it laid the pipe across.
* * *

In this situation, clearly [§ ] 45–15–8 requires that the City and the Towns be responsible for highway and sidewalk maintenance. Maintenance also means that if they don't do it, that they are responsible. * * * And I don't think this case, *Karczmarczyk*, has anything to do with the current status of this case * * *."

An order granting defendant's motion was entered on February 4, 2000, and judgment entered on February 25, 2000. The plaintiff filed a timely appeal.

### Standard of Review

"It is well settled that this Court reviews the granting of a summary judgment motion on a *de novo* basis." *M & B Realty, Inc. v. Duval*, 767 A.2d 60, 63 (R.I.2001) (citing *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457

1. General Laws 1956 § 45–15–5 provides:

   "**Presentment to council of claim or demand against town.**—Every person who has any money due him or her from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall take the following method to obtain what is due: The person shall present to the town council of the town, or to the city council of the city, a particular account of that person's claim, debt, damages, or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made to him or her by the town or city treasurer of the town or city within forty (40) days after the presentment of the claim, debt, damages, or demand, the person may commence his or her action against the treasurer for the recovery of the complaint."

2. Section 45–15–9, provides in pertinent part:

   "**Notice of injury on highway or bridge— Commencement of action.**—(a) A person so injured or damaged shall, within sixty (60) days, give to the town by law obliged to keep the highway, causeway, or bridge in repair, notice of the time, place, and cause of the injury or damage; and if the town does not make just and due satisfaction, within the time prescribed by § 45–15–5, the person shall, within three (3) years after the date of the injury or damage, commence his or her action against the town treasurer for the recovery of damages, and not thereafter."

(R.I.1996)). "In conducting such a review, we are bound by the same rules and standards as those employed by the trial justice." *Id.* (citing *Rotelli v. Catanzaro,* 686 A.2d 91, 93 (R.I.1996)). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Id.* (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996)). "To oppose a motion for summary judgment successfully, a party need only provide the trial justice with evidence that, when viewed in [the] light most favorable to that party, establishes the existence of a genuine issue of a material fact." *Id.* at 63–64 (quoting *Ferro v. Volkswagen of America, Inc.,* 588 A.2d 1047, 1049 (R.I. 1991) (citing Super R. Civ. P. 56; *People's Trust Co. v. Searles,* 486 A.2d 619, 620 (R.I.1985)).

## Discussion

Pursuant to § 45–15–8,[3] an individual who suffers an injury to his or her person or property as a result of a municipality's failure to sufficiently maintain its highways or bridges, including its sidewalks, may recover damages incurred as a proximate result of the municipality's negligence. However, the claimant is required to file notice with the municipality within sixty days of the injury in accordance with § 45–15–9. This Court has enunciated the

purpose of the notice provision as providing a means to inform the city or town of the location where the injury occurred and of the nature of the claim in order to permit it to investigate the circumstances and prepare a defense against the allegations presented or to determine the advisability of settling the claim. *See Karczmarczyk,* 98 R.I. at 181, 200 A.2d at 465; *Gannon v. Fitzpatrick,* 58 R.I. 147, 150, 191 A. 489, 490 (1937).

We have previously stated that a municipality's statutory obligation to maintain its highways and bridges constitutes a governmental function. *See Karczmarczyk,* 98 R.I. at 179, 200 A.2d at 464 (distinguishing maintenance of highways as a governmental function, whereas supplying a water hose for a third party's needs constituted a proprietary function); *see also* G.L.1956 § 24–5–1. Further, we have recognized that as a governmental function, claims alleging failure or negligent performance of this function are subject to the sixty-day notice requirement set forth in § 45–15–9.

Here, the plaintiff's complaint did not allege negligence by the Providence Water Supply Board, but rather asserted that the city had a duty to maintain its sidewalks and negligently failed to do so. We are of the opinion that such an allegation falls squarely within the provisions of § 45–15–9, and, thus, the plaintiff was required to comply with the sixty-day notice requirement. Therefore, we conclude that the

**3.** Section 45–15–8 provides:
"**Recovery against town for damages from neglect to maintain highway or bridge.**—If any person receives or suffers bodily injury or damage to that person's property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner provided in this chapter, from the town, the amount of damages, sustained by the aggrieved person, if the town had reasonable notice of the defect, or might have had notice of the defect by the exercise of proper care and diligence on its part."

plaintiff's failure to provide notice to the city within the statutory sixty-day period was fatal to his claim.

For the reasons set forth herein, the plaintiff's appeal is denied and dismissed. The judgment is affirmed and the papers of this case are remanded to the Superior Court.