**Edward XAVIER et al.**

v.

**Vincent A. CIANCI, Jr., as Mayor of the City of Providence et al.**

**No. 82–71–Appeal.**

Supreme Court of Rhode Island.

July 18, 1984.

Richard A. Skolnik, Providence, for plaintiffs.

Vincent J. Piccirilli, Providence, for defendants.

OPINION

SHEA, Justice.

The plaintiffs appeal from a judgment entered in Superior Court denying their

request for a preliminary and permanent injunction and dismissing their complaint with prejudice. They had filed a complaint to enjoin city officials from contracting with a private corporation that would sweep the streets of Providence, empty city trash containers, and purchase the city's street sweepers.[1] The plaintiffs' request for a temporary restraining order was denied. Their petition for a preliminary injunction was consolidated with a trial on the merits. After hearing, injunctive relief was denied. We affirm.

I

The Board of Contract and Supply for the City of Providence (the board) publicly advertised for the submission of written bids to perform street-sweeping and debris-collection services for the city. The specifications required any bidder to be willing and able to purchase the street-sweepers, eight in number, owned by the city at fair market value. On October 13, 1981, bids were opened by the board, and thirteen days later the contract was awarded to the Rosciti Construction Company, the low bidder.

Prior to awarding the contract, the city of Providence had operated a street-sweeping division that was within the Department of Public Works and was staffed by °city employees. This division continues to exist but is now staffed by only one city official, the street-sweeping coordinator. This individual supervises the performance of the contract by the contractor. The actual work is now being done by the contractor and his employees but remains under the control and direction of the city.

The parties jointly stipulated to most of the evidence in the case. The trial justice determined that contracting for street-sweeping and debris-collecting services by the board did not arrogate the legislative functions of the Providence City Council to the board and the mayor. She also found that the contemplated sale of street sweepers did not violate state or municipal law. The trial justice concluded that the city of Providence may lawfully enter into a street-sweeping and debris-collection contract in aid of the performance of its public duties, and that the city had not abandoned its municipal duties, nor had it abandoned all control and supervision over the performance of the functions being provided by a private contractor. She held also that nothing in the Providence City Charter, Providence City Ordinances, General Laws of the State of Rhode Island, or principles of law governing municipal corporations undermined the legality of what the city was doing.[2]

II

The first issue plaintiffs raise on appeal is whether the trial justice misconceived and misapplied the applicable law concerning the power of the city of Providence to contract for these services. They argue that prior approval by ordinance of the city council was necessary for the city to enter into this contract validly. The board and the mayor maintain that they are authorized to contract for street-sweeping services and in doing so have complied with the charter and ordinances. They state that there is no express charter provision or ordinance that limits them in awarding the contract. Finally, they argue that the charter provides for a liberal construction

1. The plaintiffs are Edward Xavier, William Moise, Laborers International Union of North America, Local 271, Theresa Prata, Ernest Rotella, and Pasquale T. D'Amico. The defendants are Vincent A. Cianci, Jr., as mayor of the city of Providence; Joseph DiSanto, as director of public works; Stephen A. Napolitano, as treasurer of the city of Providence; and Vincent A. Cianci, Jr., Carolyn Brassil, Ralph Fargnoli, Vincent J. Cirelli, Harry A. Johnson, Richard A. Carroll, Joseph DiSanto, Sanford Gorodetsky,

Josephine DiRuzzo, Salvatore Beatini, Frank Corrente, Jerome I. Baron, and Stephen A. Napolitano, as members of the Providence Board of Contract and Supply.

2. This case deals with the Code and Charter of the City of Providence that was adopted in 1968. It does not address the Code and Home Rule Charter adopted in 1980.

in favor of the grant of power to them to take such action.

General Laws 1956 (1980 Reenactment) § 45–2–4 authorizes the city of Providence to "make all contracts * * * necessary and convenient for the transaction of the business of the city or town." The parties have stipulated that the board has the power under the city charter and ordinances to award certain contracts. *See* Providence City Charter § 5.49. Furthermore, we note that Providence City Code § 21–27 authorizes the awarding of contracts by the board for "all contracts for the performance of any work." In addition, plaintiffs make no claim that the bid procedures specified in code § 21–28 were not followed. The plaintiffs cite Code and Charter of the City of Providence §§ 17–6 through –14 and –55, in support of their argument of a limitation on the power of the city to contract. These sections, however, are not applicable to the issue before the court.

■ We conclude that prior approval of the city council was not required in order to enter into the street-sweeping and debris-collecting contract. The actions of the board were authorized by and in compliance with the city charter and ordinances. In light of the fact that there is no express statutory limitation on the power of the board to enter into this contract in the manner in which it did, and in light of the liberal construction of powers mandated by section 1.2(e) of the Providence City Charter, the trial justice did not misconceive or misapply the applicable law in this case.

### III

■ Next, plaintiffs argue that the trial justice misconceived relevant, probative, and substantial evidence in holding that defendant board was stipulated to have been "duly empowered to award the contract in question in compliance with all applicable laws." They assert that they never agreed that the legal conditions determining the proper award of this contract had been met but only that if the law was otherwise complied with, the board would be the proper division within the executive branch to award the contract. The defendants do not respond to this argument.

One of the several stipulations of fact was,

"Upon complying with State law, the Charter and Ordinances, said Board of Contract & Supply has the power to award certain contracts and is presently considering said bids in this regard."

The trial justice found that

"[i]t was stipulated by the parties that the Board is duly empowered to award the contract in question in compliance with all applicable laws."

We find no difference between what the trial justice found and what plaintiffs stipulated to. The trial justice's holding merely says that as long as the board has complied with all applicable laws, and we believe it has, then it has the power to award the contract in question. The plaintiffs' argument that the trial justice's holding has misconceived the evidence is without merit.

The plaintiffs also argue, incorrectly, that defendants stipulated that the requirements of the charter and ordinances had not been met. The stipulation in the record clearly states that *if necessary* the city council would be requested to transfer funds or would be requested to authorize subcontracting. It is clear, however, that under Providence City Code § 21–26, authorization is already provided and no city council action is required.

### IV

The third issue is whether the mayor and the board can contract out the functions and duties of a city department that was created by the city charter and staffed and paid for in accordance with a duly enacted city ordinance. According to plaintiffs, neither the mayor nor anyone else has the power to delegate to a private party control over the means and manner in which city streets are cleaned. Sweeping city streets, they claim, is a governmental, nondelegable function as opposed to a proprietary or

otherwise voluntary function of a municipal government. This governmental function, they state, was assigned to the city by the General Assembly and cannot, without an act of the General Assembly, be contracted out to a private person or otherwise delegated. They contend, therefore, that the contract is *ultra vires* and void as against the charter and ordinances of the city.

The defendants, on the other hand, maintain that the city of Providence has neither abandoned its municipal duties nor abandoned control and supervision of the functions being provided by a contractor. They claim that there is nothing in the charter, ordinances, General Laws, or municipal law that prohibits the contracting of street-sweeping functions to a private firm.

■ The trial justice correctly determined that the city had not abandoned its municipal duties when it hired a private contractor to sweep city streets. "The city has a qualified ownership of its streets. As a government, its duty to the public is to clear or clean them." *Brooks v. Buckley & Banks*, 291 Pa. 1, 4, 139 A. 379, 381 (1927). This public duty to clean the city streets does not, however, rise to the level of a governmental function. It is not a function so intertwined with governing that the government is obligated to perform it only by its own agents or employees. Instead, street sweeping is a proprietary function that may be performed by either the government or a private contractor. We note that "a city may enter into contracts in aid of the performance of its public duties." 10 McQuillin *Municipal Corporations* § 29.08 at 234 (3d ed. 1981). Therefore, the city of Providence may contract with a private corporation to sweep the city streets. *See Brooks v. Buckley & Banks*, 291 Pa. at 4–5, 139 A. at 381.

The evidence establishes that there continues to be a street-sweeping division within the public-works department, that the division will be headed by a city supervisor, and that the street-sweeping and debris-collection services will continue to be under the control and direction of the city. The city of Providence has not abandoned its municipal duties in this case, nor has it abandoned all control and supervision over the functions being performed by a private contractor. We conclude that the trial justice was correct in determining that the city may contract for street-sweeping and debris-collection services.

V

■ The final issue is whether, in the absence of consent by the city council, the executive officers of the city of Providence may sell city street sweepers that were previously used by the city and have substantial value. The plaintiffs argue that the sale of street sweepers to a private contractor is illegal and invalid because § 45–2–5 and Providence City Charter § 6.6(e) require prior approval by the city council. They also contend that the board cannot authorize the city purchasing agent to sell the eight street sweepers in the absence of a finding and declaration by the city council that the equipment is not needed for public use.

The defendants argue that § 45–2–5 is not applicable to the facts in this case because that section expressly applies only to the sale of land owned by a municipality. They point out that charter § 6.6(e) has been implemented by Providence City Code § 2–115, which authorizes the director of public works to sell equipment not required by him. Furthermore, they state that charter § 6.4 gives the city purchasing agent the authority to sell the street-sweeping equipment after authorization has been given by the board. In this case, the board had approved the sale.

The evidence establishes that the successful bidder "must negotiate with the City to purchase all of its sweepers and equipment at a fair market value." There has been no showing that the city has failed to comply with the relevant provisions of the city charter and ordinances concerning the sale of its sweepers and equipment. In fact, such sales are specifically authorized by city charter §§ 6.4 and

6.6(e) and by Providence City Code § 2–115. We conclude that the trial justice was correct in determining that the contemplated sale of street sweepers did not violate state or municipal law. The plaintiffs' argument is without merit.

The plaintiffs' appeal is denied and dismissed. The judgment below is affirmed, and the papers of the case are remanded to the Superior Court.

### APPENDIX

Rhode Island General Laws

G.L.1956 (1980 Reenactment) § 45–2–4. "Power to own property and make contracts.—Cities and towns may take, purchase and hold real and personal estate, and alienate and convey the same; * * * and may make all contracts * * * necessary and convenient for the transaction of the business of the city or town."

Providence City Charter

§ 1.2(e). "Liberal Construction. It is the intention of the General Assembly that except where otherwise expressly provided in this charter the provisions hereof shall be liberally construed in favor of the grant of powers in such provisions given."

§ 5.49. "Powers and duties. Subject to the other provisions of this charter, and except as otherwise provided therein, the board of contract and supply shall have and exercise all powers and duties vested in said board upon the date of the adoption of this charter, and such other and different powers and duties as may thereafter be vested in said board by ordinance adopted in exercise of the powers vested in the council by this charter or by Chapter 469 of the Public Laws of 1909, and all acts in amendment thereof, and in addition thereto, and by all other general or special laws relating to the subject of contracts and purchases by the city * * *."

§ 6.4. "Purchasing division; appointment, duties, etc., of purchasing agent. * * The city purchasing agent shall have authority:

(a) Purchase of supplies, equipment and services. To make all purchases of * * * contractual services for all * * boards * * * of the city government; provided, however, that in case of contracts and purchases required by law to be made by the board of contract and supply, he shall act as agent for said board as said board shall direct;

(b) Selling supplies, materials and equipment. To sell all supplies, materials and equipment not needed for public use or that may have become unsuitable for use, but only after authorization by the board of contract and supply * * *."

§ 6.6. "Power of council as to purchasing function. The city council is hereby authorized by ordinance to make rules and regulations relating to the conduct of the purchasing function, including the following:

  *     *     *     *     *     *

(e). Transfers as to supplies, materials and equipment. To provide for * * the disposal by sale, after receipt of competitive bids, of supplies, materials and equipment which are obsolete or unusable * * *."

Providence City Code

§ 2–115. "Accounting for property, employing labor. The director of public works * * * may employ such labor and hire such equipment as may be necessary for the use of his department, and may sell or exchange any equipment or materials not required by him."

§ 21–26. "Necessity for appropriation for contract, purchase. The cost, price or consideration of each contract or purchase provided for in this article shall be charged to and paid from any special appropriation therefore, or, if none, the appropriate appropriation for the department for which the work is to be done or the materials or

**1184**

supplies furnished. The board of contract and supply shall not make any such contract or purchase, unless there is a sufficient appropriation for the purpose available to defray the cost thereof."

§ 21–27. "Authority as to contracts in excess of five hundred dollars. Except as otherwise required by statute law, all contracts for the performance of any work, or the furnishing of any materials, or both, * * * the cost, price or consideration of which exceeds the sum of five hundred dollars ($500.00), shall be made by the board of contract and supply in behalf of the city, and by no other person, except such particular contracts or purchases as may be authorized to be otherwise made by special vote of the city council providing in express terms therein that the provisions of this article shall not apply thereto."

§ 21–28. "Duty to let contract by advertisement and bid. It shall be the duty of the board of contract and supply, relative to all purchases or contracts which it is authorized to make, to advertise for bids or proposals in the newspapers employed to do the city advertising, and in such other newspapers published outside the city as said board in its discretion may determine, and to let to the lowest competent and responsible bidders who give adequate security satisfactory to said board for the performance of their contracts. All contracts for the performance of any work, or the furnishing of any materials, or both, or the sale of any goods, merchandise or personal property, to or for the city or for its use, shall be let in this manner, unless otherwise ordered by special vote of the city council, or unless said board shall, by a two-thirds (⅔) vote of the whole number of the members thereof, in any case determine that it is impracticable to produce such work or materials, or both, by contract, or to effect such purchase as a result of competition, or that the best interests of the city require that the same be procured or effected in some other manner."