### Albert LEPORE

v.

### RHODE ISLAND PUBLIC TRANSIT AUTHORITY.

No. 85–17–Appeal.

Supreme Court of Rhode Island.

April 21, 1987.

Neil P. Philbin, Kirshenbaum & Kirshenbaum, Cranston, for plaintiff.

David F. Sweeney, Breslin & Sweeney, Warwick, Jorge C. Albala, Barrington, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the defendant, Rhode Island Public Transit Authority (RIPTA), from a denial of its motion to exclude prejudgment interest from a judgment entered against it in the Superior Court.

The plaintiff, Albert Lepore, fell down and was injured while a passenger on a bus which was owned and operated by RIPTA. The plaintiff sued RIPTA for personal injuries he received during the incident. A jury awarded damages to plaintiff to which the trial justice attached prejudgment interest. The defendant then moved for a new trial and for exclusion of the prejudgment interest. The motions were denied, and defendant appealed to this court.

The sole issue to be decided by this court is whether prejudgment interest attaches to a judgment for personal injuries rendered against RIPTA. We hold that it does.

RIPTA is a state-operated public-transportation authority which provides bus service throughout Rhode Island. At its creation, RIPTA purchased United Transit Company, a private bus company operating in the metropolitan area. At that time, the authority also envisioned the possibility of purchasing other privately owned bus companies as well as some railroads. In light

of this background we consider defendant's contentions.

RIPTA argues that it operates as a governmental function and that as such it is exempt from prejudgment interest. The defendant relies on *Andrade v. State*, 448 A.2d 1293 (R.I.1982), wherein we held that prejudgment interest did not attach to a judgment rendered against the Rhode Island Training School for youth in an action brought under the state tort claims act, G.L.1956 (1985 Reenactment) § 9–31–1.

The defendant's reliance on *Andrade* is misplaced. The agency involved in *Andrade* was a state-run correctional facility for children. There is no question that maintaining correctional facilities is a governmental function. *Saunders v. State*, 446 A.2d 748, 751 (R.I.1982).

The agency involved in the case at bar is a state-operated public-transportation authority. Other jurisdictions have classified this type of function as proprietary in nature. *Zangerle v. City of Cleveland*, 145 Ohio St. 347, 61 N.E.2d 720 (1945); *Tobin v. City of Seattle*, 127 Wash. 664, 221 P. 583 (1923). In Rhode Island a proprietary function is one which is not "so intertwined with governing that the government is obligated to perform it only by its own agents or employees." *Xavier v. Cianci*, 479 A.2d 1179, 1182 (R.I.1984) (street sweeping is proprietary function); *City of Providence v. Hall*, 49 R.I. 230, 235, 142 A. 156, 158 (1928) (furnishing water is proprietary function). In light of RIPTA's history it seems clear that the authority's activities could easily be performed by a private-business corporation. Therefore, we do not believe that maintaining a public-transportation authority is a function that is so intertwined with governing that we will consider it a governmental function. Rather, we consider its operation proprietary in nature.

The Rhode Island State Tort Claims Act provides a ceiling on the amount of damages recoverable in actions against the state. Section 9–31–2 provides:

"In any tort action against the state of Rhode Island, or any political subdivision thereof, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); Provided, however, That in all instances in which the state was engaged in a proprietary function in the commission of such tort, or in any situation whereby the state has agreed to indemnify the federal government or any agency thereof for any tort liability, the limitation on damages set forth in this section shall not apply."

In cases where the § 9–31–2 limitation on recovery applies, we have recognized that no prejudgment interest may be attached. *Andrade*, 448 A.2d at 1297–98. (Bevilacqua, C.J. dissenting).

Section 9–31–2 does not place a limit on the amount of damages recoverable in the instant action because the government is performing a proprietary function. As a result, our holding in *Andrade* does not apply to this situation. Because it appears from § 9–31–2 that the Legislature did not intend to limit recovery in cases wherein the state is performing a proprietary function, we believe that the trial justice appropriately awarded prejudgment interest in the case at bar.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court for further proceedings.