Paul DeLONG et al.

v.

PRUDENTIAL PROPERTY AND CASU-
ALTY INSURANCE COMPANY, Lat-
rall Malone, and Gary Esposito in his
capacity as Finance Director of the
City of Newport.

No. 89–286–A.

Supreme Court of Rhode Island.

Dec. 5, 1990.

Stephen Linder, Providence, for plain-
tiffs.

Linda E. Buffardi, Kenneth P. Borden,
Higgins, Cavanagh & Cooney, John M. Bo-
land, Boyer, Reynolds & DeMarco, Prov-
idence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the appeal
of Paul DeLong and Matthew DeLong (the
DeLongs) and Prudential Property and
Casualty Insurance Company (Prudential)
from a summary judgment entered in the
Superior Court in favor of the city of New-
port. We affirm. The facts of the case
insofar as pertinent to this appeal are as
follows.

The minor plaintiff, Matthew DeLong,
had come to Easton's Beach in Newport
with his family, who had paid a fee to park
their vehicle in a lot reserved for beach
patrons. In the course of their stay at the
beach, Matthew and his mother crossed a
lengthy walkway that has been described
by the parties as a boardwalk. This board-
walk is approximately fourteen feet in
width and runs roughly parallel to the
shoreline. The parking lot is immediately
adjacent to the boardwalk. Apparently
Matthew and his mother left the beach,
crossed the boardwalk, and entered the
parking lot to deposit some of their belong-
ings in the car in anticipation of leaving.
After placing these items in the car, Mat-
thew again crossed the boardwalk to re-
turn to the beach. As he was doing so,
Matthew was struck by a motorcycle oper-
ated by Latrall Malone, who was at that
time uninsured. The accident took place on
July 17, 1982. The plaintiffs state in their
briefs that a witness at the scene claimed
that Malone had been driving on the board-
walk "for a while" prior to the accident at
speeds varying between forty and forty-
five miles per hour. It is undisputed that
no police or beach personnel had taken
steps to prevent Malone from riding his
motorcycle on the boardwalk, although
there was a sign that stated "motor ve-
hicles prohibited by ordinance." It is not

clear that there was an ordinance forbidding motor-vehicle traffic on the boardwalk.

The deposition of the director of recreation and public services for the city of Newport indicated that Easton's Beach was owned and operated by the city and managed by the Recreation Department. The department operated the beach utilizing in part receipts from parking fees, bathhouse fees, resident sticker fees, and rents from private concession operators. Generally these fees are sufficient to cover the operating costs of the beach.

The city moved for summary judgment relying upon the public-duty doctrine set forth in *Knudsen v. Hall,* 490 A.2d 976 (R.I.1985), and *Polaski v. O'Reilly,* 559 A.2d 646 (R.I.1989). The trial justice, relying upon *Knudsen,* granted summary judgment. He noted that the operation of a beach is a governmental function as set forth in *Maio v. Ilg,* 98 R.I. 71, 199 A.2d 727 (1964), which stated that the operation of a public swimming pool was a governmental function.

In support of their appeal, the DeLongs and Prudential raise the issue whether the public duty doctrine is applicable under the facts of this case. The plaintiffs argue that this case should be controlled by *O'Brien v. State,* 555 A.2d 334 (R.I.1989), in which this court held that the State of Rhode Island was responsible as a landowner or park operator in the same fashion that a private person or corporation would be responsible for operating and maintaining private property to which the public might be invited as patrons upon payment of a fee. In that case Edward O'Brien was a patron at the Lincoln Woods State Park when he tripped over a horseshoe stake that was embedded into the ground in such a fashion that it was not visible to him. We held in that case that the state as landlord or park operator, like a *private* person, had a duty to maintain the premises in a reasonable condition for the benefit of those who may come upon the land or premises.

We also noted in that opinion that the distinction between governmental and proprietary functions was not helpful in determining whether the state would be liable for performing an act for which a private person would be responsible. We stated that in light of our Tort Claims Act, G.L. 1956 (1985 Reenactment) § 9-31-1, our analysis would be functional rather than abstract. We abjured the often Byzantine distinctions between governmental and proprietary functions. We stated that we would inquire whether the activity was one that a private person or corporation would be likely to carry out. We further stated: "If the answer is affirmative, then liability will attach. Although this analysis may bear some analogy to the governmental-function test, it is far simpler and less complex in implementation." *O'Brien,* 555 A.2d at 338.

Under this analysis there is no question that the operation of a beach is a function that many private persons or corporations have carried out in this state. Consequently a municipality or state agency that operates a beach has a duty to its patrons to maintain the beach and appurtenances thereto in a reasonably safe condition for the benefit of those who are its patrons. The fact that operating a beach is a governmental function would not be a significant element in this analysis.

However, the critical analysis in this case is not based upon the duty to maintain the beach in a reasonably safe condition but on the duty to enforce safety measures, including a ban on motor-vehicle traffic. This point brings the instant case more within the parameters of *Barratt v. Burlingham,* 492 A.2d 1219 (R.I.1985), than within the doctrine of *O'Brien v. State, supra.* In *Barratt* we held that the exercise of the functions of police officers could not reasonably be compared to functions that are or may be exercised by a private person. We stated that the duty imposed upon police officers to enforce the criminal laws was public in nature. We further stated that this duty was owed to the general public and not to individual plaintiffs unless there could be a showing that there were special circumstances involved to bring an injured party into a

special relationship vis-a-vis the police officer.

We believe that *Barratt* is dispositive of the case at bar. This case does not concern maintenance of premises as did *O'Brien.* Here, the issue involves law enforcement. We cannot impose a special duty upon the Newport police department to enforce a law at a beach that is greater than its duty to enforce the law throughout other portions of the city's municipal boundaries. The patrons at Easton's Beach had no more of a special relationship to the Newport law enforcement officers than did other residents of or visitors to the city.

Consequently we are of the opinion that the trial justice did not commit error in granting summary judgment in favor of the city, although our rationale for the correctness of his decision differs somewhat from the rationale adopted by the trial justice.

For the reasons stated, the appeals of the DeLongs and Prudential are denied and dismissed. The summary judgment entered in favor of the defendant is hereby affirmed. The papers in the case may be remanded to the Superior Court.

KELLEHER, J., did not participate.