DECISION
Defendant has moved The Court to amend Mr. Justice Gallant's decision of June 7, 1995 in the above-entitled case pursuant to R.C.P. 59. After consideration of counsel's memorandum and oral arguments, the Court amends the judgment previously entered as follows.
Justice Gallant's original decision granted each plaintiff pre-judgment interest on the amount recovered and costs. Defendant is seeking to avoid the imposition of pre-judgment interest and costs.
In Andrade v. State, 448 A.2d 1293 (R.I. 1982), the Supreme Court held pre-judgment interest does not apply to entities covered under the State Tort Claims Act. Id. at 1295. The State Tort Claims Act incorporates "all cities and towns" under its scope of coverage. R.I.G.L. § 9-31-1. The State Tort Claims Act only provides coverage if the entity is performing an act "so intertwined with governing that the government is obligated to perform it only by its agents or employees." Lepore v. RIPTA.,524 A.2d 574, 575 (R.I. 1987). Therefore, pre-judgment interest will not be applied to a city or town if performing a solely government function.
The defendant in this case is the City of Providence. The issue is whether the operation of a police force is "so intertwined with governing that the government is obligated to perform it only by its agents or employees." Lepore, 524 A.2d at 575.
The operation of a police force is clearly an act intertwined with governing. Although driving a car is not necessarily a government function, a police officer in pursuit of an offender is engaging in a government function and will fall under the State Tort Claims Act.
Consequently, I amend the Judgment to plaintiffs for the amount of $5,000 each with no pre-judgment interest or costs.