Joan A. MATARESE

v.

Victor F. DUNHAM et al.

No. 95–741–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1997.

Scott Partington, James A. Bigos, Pawtucket, for Plaintiff.

Richard G. Riendeau, David A. Salvatore, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before the Supreme Court on January 22, 1997, pursuant to an order that directed the plaintiff, Joan A. Matarese, and the defendants, the city of Providence (city), through its treasurer, Stephen T. Napolitano, and Victor F. Dunham (Dunham), to show cause why this appeal should not be summarily decided. The order identified "the correctness of [the Superior Court's] exclusion of interest against the city" as the sole issue in the plaintiff's appeal.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

The facts relevant to this appeal are not in dispute. The plaintiff and Dunham were involved in an automobile accident in June 1992. The defendants conceded liability, and the case went to trial in the Superior Court on the issue of damages only. At the conclusion of trial, a jury awarded plaintiff damages in the amount of $23,200. The clerk of the court then added $8,535.05 in prejudgment interest, for a total judgment of $31,735.05. The defendants moved to strike the award of prejudgment interest. The trial justice granted the motion, and plaintiff appealed to this Court. Because the order by this Court after a prebriefing conference identified the exclusion of interest against the city as the sole issue on appeal, we shall not consider the correctness of the Superior Court's exclusion of interest against Dunham.

The plaintiff contended that the city is liable for prejudgment interest under the Governmental Tort Liability Act (Tort Claims Act or act), G.L.1956 chapter 31 of title 9. Section 9–31–1 of the act waives sovereign immunity for the state and its political subdivisions, provided that no recovery exceeds the limitations established in the act. Limitations on recovery against municipalities are specified in § 9–31–3, which provides:

"In any tort action against any city or town or any fire district, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000) provided, however, that in all instances in which said city or town or fire district was engaged in a proprietary function in the commission of such tort, the limitation of damages set forth in this section shall not apply."

In *Andrade v. State,* 448 A.2d 1293 (R.I. 1982), this Court held that the state is not liable for prejudgment interest under the Tort Claims Act, but *Andrade* did not address the liability of the state or a municipality in a proprietary function. In *Lepore v. Rhode Island Public Transit Authority,* 524 A.2d 574, 575 (R.I.1987), however, we specifically held that prejudgment interest is appropriately awarded "in cases wherein the state is performing a proprietary function."

The plaintiff attempted to bring her case within the ambit of *Lepore* by arguing that Dunham's operation of a motor vehicle was a proprietary function, citing as support for her position *Catone v. Medberry,* 555 A.2d 328 (R.I.1989), and *O'Brien v. State,* 555 A.2d 334 (R.I.1989), two cases in which this Court delineated the boundaries of the public-duty doctrine. According to plaintiff, this Court in *Catone* and *O'Brien* dispensed with the traditional governmental-proprietary standard in favor of a "functional analysis" that asks whether the state was performing a function identical to that which a private individual might perform. Because the operation of a motor vehicle under ordinary non-emergency conditions might just as easily be performed by a private person as by an agent of the municipality, plaintiff argued that Dunham's operation of the vehicle was a proprietary activity for purposes of the Tort Claims Act. We disagree.

Dunham was a city employee responsible for the maintenance and the operation of government buildings. It appears from the parties' submissions and their representations at oral argument that at the time of the accident Dunham was on twenty-four-hour call and driving a city-owned car. Maintenance of government buildings is plainly a governmental function, and we are therefore compelled to conclude that Dunham was engaged in a governmental function, not a proprietary function, when the accident occurred. Because the activity in question was governmental, the claim against the city was covered by the limitations contained in § 9–31–3 of the Tort Claims Act. We have previously observed that the act "must be strictly construed and whatever right of recovery is to be ascertained against the state must be expressly mentioned." *Andrade,* 448 A.2d at 1294; *see also Clark–Fitzpatrick, Inc./ Franki Foundation Co. v. Gill,* 652 A.2d 440, 451–52 (R.I.1994) (construing G.L.1956 § 37–13.1–1). In *Andrade* we determined that the prejudgment-interest statute does not apply to judgments obtained against the state under the Tort Claims Act. 448 A.2d at 1295. Therefore, we conclude that our holding in *Andrade* controls the plaintiff's claim against the city and consequently bars the addition of interest to the judgment against the city.

Consequently, we deny and dismiss this appeal, affirm the judgment of the Superior Court, and remand the papers in the case to the Superior Court.