The **HOUSING AUTHORITY OF THE CITY OF PROVIDENCE**

v.

**Benedicto OROPEZA.**

**No. 97–212–Appeal.**

Supreme Court of Rhode Island.

June 16, 1998.

Jeanne E. LaFazia, Providence, for Plaintiff.

George J. West, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 11, 1998, pursuant to an order direct-

ing both parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, the Housing Authority of the City of Providence (housing authority), has appealed the denial of its motion for relief from judgment pursuant to Rule 60(a) of the Superior Court Rules of Civil Procedure. Having heard the arguments of counsel and reviewed the memoranda submitted by the parties, we conclude that cause has not been shown. Therefore, we shall decide the case at this time.

The essential facts of this case are not in dispute. In March 1994, the housing authority filed a complaint for eviction against Benedicto Oropeza (Oropeza) in District Court, alleging that Oropeza had violated his lease by providing accommodations to boarders or lodgers. Oropeza filed a counterclaim, seeking compensation for injuries he sustained on the housing authority premises during a criminal incident. Following a District Court judgment in favor of the housing authority, Oropeza appealed to the Superior Court.

The housing authority moved to sever Oropeza's counterclaim, and after that motion was granted, the housing authority's complaint was dismissed with prejudice by agreement of the parties. The counterclaim proceeded to arbitration, and Oropeza was awarded $10,000 "plus statutory interest and costs to be computed by the Clerk of Providence County Superior Court." Following the entry of judgment on the award, the housing authority moved for relief from judgment pursuant to Rule 60(a), alleging that it was immune from prejudgment interest. A Superior Court hearing justice denied the motion, and the housing authority appealed to this Court.

It is well established that an arbitrator possesses the authority to award prejudgment interest in appropriate cases. See, e.g., Prudential Property and Casualty Insurance Co. v. Flynn, 687 A.2d 440, 442 (R.I.1996); Hart Engineering Co. v. City of Pawtucket Water Supply Board, 560 A.2d 329, 330 (R.I.1989) (per curiam). Although G.L.1956 §§ 9–31–1 through 9–31–3, which limit the tort liability of the state and its political subdivisions, generally prohibit the award of prejudgment interest in cases against these entities, see, e.g., L.A. Ray Realty v. Town Council of Cumberland, 698 A.2d 202, 209 (R.I.1997); Andrade v. State, 448 A.2d 1293, 1295 (R.I.1982), it is well settled that neither the state nor its political subdivisions are so shielded when the function performed that gave rise to the tort liability was proprietary rather than governmental in nature. See, e.g., Matarese v. Dunham, 689 A.2d 1057, 1058 (R.I.1997) (per curiam); Rucco v. Rhode Island Public Transit Authority, 525 A.2d 43, 45 (R.I.1987).

The essential question raised by this case, then, is whether the providing of security by the housing authority is a governmental or a proprietary function. Created by statute, housing authorities are intended to address "the clearance, replanning, and reconstruction of the areas in which unsanitary or unsafe housing conditions exist and the providing of safe and sanitary dwelling accommodations for persons of low income," G.L. 1956 § 45–25–2, and they have been characterized as functioning in both governmental and proprietary capacities. See, e.g., Parent v. Woonsocket Housing Authority, 87 R.I. 444, 448, 143 A.2d 146, 148 (1958) ("[H]ousing authorities have a dual nature which partakes of a public as well as a private character. They function in an area which is public and governmental in character as well as in an area which is proprietary or private"). This Court has held that "a proprietary function is one which is not 'so intertwined with governing that the government is obligated to perform it only by its own agents or employees.'" Lepore v. Rhode Island Public Transit Authority, 524 A.2d 574, 575 (R.I. 1987) (quoting Xavier v. Cianci, 479 A.2d 1179, 1182 (R.I.1984)). The appropriate inquiry is "whether the activity [at issue] was one that a private person or corporation would be likely to carry out." DeLong v. Prudential Property and Casualty Insurance Co., 583 A.2d 75, 76 (R.I.1990).

The housing authority contended that the legislative pronouncement that the unsafe or unsanitary housing conditions "cannot be remedied by the ordinary operations of private enterprises," § 45–25–2, suggests that a housing authority's functions are governmental in nature. We disagree. Although we do

not consider this legislative statement tantamount to a declaration that the functions of a housing authority are governmental rather than proprietary in nature, we note that even if this were the case,

██ "[a]lthough courts should give due consideration to a legislative declaration that certain legislation shall be deemed and held to be the performance of a governmental function, such a 'self-serving declaration,' although it is to be given great deference, is not conclusive as far as the existence of such a 'function' is concerned since such a determination is reserved by our State Constitution for the judicial, rather than the legislative, branch of government." *Rhode Island Student Loan Authority v. NELS, Inc.*, 550 A.2d 624, 627 (R.I.1988).

██ It is our opinion that the function at issue here, namely, the providing of security within and by the housing authority, is proprietary in nature. This conclusion accords with our holdings that certain functions are proprietary, *see, e.g., DeLong*, 583 A.2d at 76 (operation of a beach); *Lepore*, 524 A.2d at 575 (maintaining a public transportation authority); *Xavier*, 479 A.2d at 1182 (street sweeping); *City of Providence v. Hall*, 49 R.I. 230, 235, 142 A. 156, 158 (1928) (furnishing water), while others remain purely governmental. *See, e.g., L.A. Ray Realty*, 698 A.2d at 208 (adoption and application of a zoning ordinance); *Chakuroff v. Boyle*, 667 A.2d 1256, 1258 (R.I.1995) (per curiam) (operation and maintenance of a public school); *Saunders v. State*, 446 A.2d 748, 751 (R.I. 1982) (maintaining correctional facilities); *Parent*, 87 R.I. at 449, 143 A.2d at 148 (housing authorities' exercise of power to make investigations and power of eminent domain).

Because a motion for relief from judgment is "addressed to the sound discretion of the trial justice, and * * * will not be disturbed on appeal, absent a showing of abuse of discretion," *Forcier v. Forcier*, 558 A.2d 212, 214 (R.I.1989), and because we are of the opinion that such discretion was not abused in the instant case, we deny and dismiss the plaintiff's appeal and affirm the denial of the motion for relief from judgment in respect to

prejudgment interest. The papers in this case may be returned to the Superior Court.