DECISION
Before the Court is a motion to alter or amend judgment, pursuant to R.C.P. 59 (e). Christine Laverdiere (plaintiff) seeks to have statutory interest added to a jury award.
 Facts/Travel
On February 3, 1996, the plaintiff and her husband attended their son's hockey game at an ice rink owned by the Town of Burrillville (Town). Their son was participating in a hockey game put on by the Providence Junior Friars Hockey League. Plaintiff was struck on the head and shoulder by a speaker that fell from the wall.
The plaintiff, claiming to have suffered a loss of hearing as a result of the accident, sued for damages. The plaintiff's husband sued for loss of consortium. On April 6, 2000, a jury awarded the plaintiff $25,000.00 in damages and rejected the consortium claim. The judgment for the plaintiff was entered by the Clerk of the Court — "without interest." Interest was excluded pursuant to the "Tort Claims Act," R.I.G.L. § 9-31-1
et seq., which exempts governmental entities from paying interest on damage awards that result from certain torts committed by the entity.
On April 12, 2000, the plaintiff timely filed this motion to alter or amend judgment, seeking to have prejudgment interest added to her award.[1] The plaintiff argues that the function of the Town in owning and maintaining the ice rink was proprietary, and as such, the Tort Claims Act (Act), § 9-31-1
et seq., does not exempt the Town from owing prejudgment interest. The Town argues that its function was governmental, rather than proprietary, and therefore it does not owe prejudgment interest.
 Prejudgment Interest
The section of the Act that concerns municipalities, § 9-31-3, states:
In any tort action against any city or town or any fire district, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the city or town or fire district was engaged in a proprietary function in the commission of the tort, the limitation of damages set forth in this section shall not apply.
The Supreme Court has held that § 9-31-2, relative to tort actions against the State, specifically limits the government's liability under the Act to damages, thus precluding a plaintiff from recovering prejudgment interest.[2] Underwood v. State,448 A.2d 1293 (R.I. 1982). The Underwood court held that a statute waiving sovereign immunity, as does the Act, must be "strictly construed and whatever right of recovery is to be ascertained against the state must be expressly mentioned in the waiver of the immunity statute." Id. at 1294. Since the legislature did not specifically include interest in the statute, and since interest is not an element of damages, the court construed the statute to allow only for the recovery of damages against the state in actions under the Act. Id. at 1295.
The limitations on damages set forth in the Act do not apply when the state is "engaged in a proprietary function in the commission of the tort." R.I.G.L. § 9-31-3. Therefore, prejudgment interest may attach in such instances. Although our Supreme Court has held that there is no longer a distinction between proprietary and governmental functions, a court must inquire whether the activity performed by the governmental entity was one that "a private person or entity would be likely to carry out," when determining liability. O'Brien v. State,555 A.2d 334, 338 (R.I. 1989); see also Keaton v. Medberry, 555 A.2d 328
(R.I. 1989).
The Town argues that the case at bar is controlled by Matarese v. Dunham, 689 A.2d 1057 (R.I. 1997) (per curiam). In Matarese, our Supreme Court held that the "[m]aintenance of a government building is plainly a government function." 689 A.2d at 1058. In that case, a plaintiff was injured by a City of Providence employee who was operating a motor vehicle owned by the City. The Supreme Court held that because the employee was on twenty- four hour call to maintain government buildings, the employee was performing a governmental function when operating the vehicle. Since the function was governmental, the actions of the employee came within the Tort Claims Act, thus barring the plaintiff from being awarded prejudgment interest. Id.
Recently, in Housing Authority of City of Providence v. Oropeza, the Supreme Court held that the providing of security within a government owned housing project is proprietary in nature. 713 A.2d 1262 (R.I. 1998) (per curiam). In Oropeza, the court listed several cases in which it found a governmental entity's function to be proprietary and listed several cases in which it found the function to be governmental. The examples of proprietary functions included the operation of a beach, the maintaining of public transit authority, street sweeping, and furnishing water. The examples of governmental functions included the adoption and application of a zoning ordinance, the operation and maintenance of public schools, the maintaining of correctional facilities, and the exercise of the power of investigation and eminent domain. 713 A.2d at 1264 (citations omitted).
In one of the cases cited by the court in Oropeza, Lepore v. Rhode Island Public Transit Authority, the Supreme Court held that maintenance and operation of a public-transportation authority are proprietary in nature. 524 A.2d 574 (R.I. 1987). The court in Lepore noted that the Rhode Island Public Transit Authority (RIPTA) purchased a private bus company that had been operating in the Providence area, indicating that the operation of a bus service is an activity that can be performed by a private entity.[3] Id. at 574-75. See also DeLong v. Prudential Property and Casualty Insurance Co., 583 A.2d 75 (R.I. 1990) (operation of a public beach is proprietary in nature).
Likewise, in O'Brien, the court held that when the State is functioning as a landowner, it is "acting as a private person might act who was the owner of land and who charged a fee to those who might come upon that land." 555 A.2d at 338. In O'Brien, the plaintiff was injured on the premises of a state owned park.
In the instant matter, the Town's function is similar to the municipalities' functions in O'Brien and Oropeza. A fee, in the form of rent, was being received by the Town. Furthermore, the Town's function in the instant case is not analogous to the governmental functions cited by the court in Oropeza — application of a zoning ordinance, maintenance of a correctional facility, power to investigate and power of eminent domain. 713 A.2d at 1264 (citations omitted).
In light of the Supreme Court's holdings concerning the proprietary nature of the government's land owner and land operator functions, this Court finds that the ownership of the ice rink was proprietary in nature. Such ownership is an activity that a private person or corporation would be likely to carry out. Thus, as this Court finds that the Town was engaged in an activity that was proprietary in nature, the limitations of § 9-31-3 do not bar the plaintiff from recovering prejudgment interest. The plaintiff's motion to amend judgment is hereby granted.
Counsel shall submit an appropriate order for entry.
[1] Super. R. Civ. P. Rule 59(e) states:
Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
[2] Section 9-31-2 contains the same language as §9-31-3, except that subsection 2 concerns the state, while subsection 3 concerns municipalities. Section 9-31-2
reads:
 "In any tort action against the state of Rhode Island or any political subdivision thereof, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the state was engaged in a proprietary function in the commission of the tort, or in any situation whereby the state has agreed to indemnify the federal government or any agency thereof for any tort liability, the limitation on damages set forth in this section shall not apply."
[3] It should be noted that although the court in O'Brien purported to end the distinction between proprietary and governmental functions, the court in Oropeza stated "[t]he essential question raised by this case, then, is whether the providing of security by the housing authority is a governmental or a proprietary function." 713 A.2d at 1263.