## JOHN ROCCHIO CORPORATION

v.

## TOWN OF COVENTRY et al.

### No. 2006–174–Appeal.

Supreme Court of Rhode Island.

March 30, 2007.

Christopher M. Mulhearn, Providence.

Peter Lawson Kennedy, Providence.

### O R D E R

The defendant, Town of Coventry (the town), appeals from a Superior Court judgment confirming an arbitration award in favor of the plaintiff, John Rocchio Corporation (Rocchio). The town contends that the arbitrator erred in adding prejudgment interest to the award. The underlying dispute arose from a contract between the parties for the construction of sewer lines. The town argues that because maintaining sewers is a governmental function, sovereign immunity shields it from prejudgment interest. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the parties' memoranda and considering their oral arguments, we conclude that the appeal may be decided without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court.

The arbitrator's award of prejudgment interest is the sole point of contention the town raises in its appeal. There is no dispute over the material facts that originally led the parties to arbitration. The town hired Rocchio to install sewer lines and, when Rocchio encountered some unanticipated hazards and delays, a number of disputes over change orders and payments ensued. In accordance with the Rhode Island Public Works Arbitration Act (PWAA), the parties proceeded to arbitration in December 2005, after which the arbitrator awarded Rocchio $697,267.70. *See* G.L. 1956 chapter 16 of title 37. Rocchio then requested that the arbitrator award prejudgment interest. After considering additional written arguments from both parties, the arbitrator issued a supplemental award granting prejudgment interest of $83,064.47 to Rocchio. Shortly thereafter, Rocchio sought confirmation of the arbitration award in the Superior Court. On April 12, 2006 final judgment was entered confirming the arbitration award, including prejudgment interest, and the town timely appealed.[1]

Generally, "the role of the judiciary in the arbitration process is 'extremely limited.' " *Metropolitan Property and Casualty Insurance Co. v. Barry,* 892 A.2d 915, 918 (R.I.2006) (quoting *Aponik v. Lauricella,* 844 A.2d 698, 703 (R.I.2004)). Under § 37–16–18, a public works arbitration award must be vacated in the following circumstances:

"(1) When the award was procured by fraud.

"(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.

"(3) If there was no valid contract, and the objection has been raised under the conditions set forth in § 37–16–13."

This Court may also vacate an arbitration award if it purports to resolve non-arbitrable issues or manifestly disregards the contract. *Rhode Island Council 94, AFSCME, AFL–CIO v. State,* 714 A.2d 584, 588 (R.I.1998). In addition, this Court will overturn an arbitration award if it is irrational or manifestly disregards the law. *Barry,* 892 A.2d at 918. A manifest disregard of the law "requires 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law.' " *Carlsten v. Oscar Gruss & Son, Inc.,* 853 A.2d 1191, 1195 (R.I.2004) (quoting *Purvis Systems, Inc. v. American Systems Corp.,* 788 A.2d 1112, 1115 (R.I.2002)). "A manifest disregard of the law might exist 'when arbitrators understand and correctly state the law, but proceed to disregard the same.' " *Id.* (quoting *Purvis Systems, Inc.,* 788 A.2d at 1115).

The doctrine of sovereign immunity generally insulates municipalities from assessments of prejudgment interest unless waived "by express statutory language or by necessary implication therefrom." *Reagan Construction Corp. v. Mayer,* 712 A.2d 372, 373 (R.I.1998). This blanket exemption notwithstanding, in *Reagan Construction Corp.,* this Court ruled that the PWAA implicitly waives sovereign immunity's protection against *postjudgment* interest because § 37–16–24 affirmatively states that judgments entered in accordance with the PWAA shall be "subject to *all* the provisions of law relating to a judgment in an action." *Reagan Construction Corp.,* 712 A.2d at 374 (quoting § 37–16–24). And in *Hart Engineering Co. v. City of Pawtucket Water Supply Board,* 560 A.2d 329, 330 (R.I.1989), we held that "an arbitrator has the authority to award prejudgment interest in awards made pursuant to the Public Works Arbitration Act * * *." In *Jolicoeur Furniture Co. v. Baldelli,* 653 A.2d 740, 755 (R.I.1995), we affirmed an award of prejudgment interest against a municipality on a breach of a real estate sales contract, and in *Fleet Construction Co. v. Town of North Smithfield,* 713 A.2d 1241, 1245 (R.I.1998) this Court said that "pursuant to [G.L. 1956] § 9–21–10, prejudgment interest may be awarded against a municipality on a breach of contract claim where a municipality acts in a proprietary or enterprise capacity." [2]

---

1. The town has paid the substantive arbitration award of $697,267.70, but has not paid the $83,064.47 in prejudgment interest that is the subject of its appeal.

2. General Laws 1956 § 9–21–10 reads, in relevant part, as follows:

"(a) In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."

The town contends, in rather conclusory fashion, that the "construction, maintenance and repair of a public sewer line is a quintessentially government[al] function," thereby entitling it to "sovereign immunity with respect to an award of prejudgment interest." Rocchio, with equivalent assertiveness, argues that the installation of sewer lines is a proprietary function because it is not "so intertwined with governing that the government is obligated to perform it only by its own agents or employees," *Housing Authority of Providence v. Oropeza*, 713 A.2d 1262, 1263 (R.I. 1998) (quoting *Lepore v. Rhode Island Public Transit Authority*, 524 A.2d 574, 575 (R.I.1987)), as evidenced by the fact that the town in this case engaged a private contractor to perform the work.[3]

In light of our limited authority to vacate an arbitration award, however, we need not undertake that analysis. After carefully examining the record and the parties' submissions, we are satisfied that in the context of this case the arbitrator did not manifestly disregard the law. Nor does the town even suggest a ground enumerated in § 37–16–18 that would warrant the vacation of the award of prejudgment interest in this context. Accordingly, we affirm the judgment and return the record in this case to the Superior Court.

---

**3.** We recognize that the question of whether the construction of sewers by a municipality is a governmental or proprietary activity is not as clear-cut as either party suggests.