DECISION
Before the Court is Plaintiff Elizabeth Morel's ("Plaintiff") motion for pre-judgment interest pursuant to G.L. 1956 §§ 9-21-10 and 9-31-3. Finding that Defendant City of Providence's ("Defendant") maintenance of city roads is governmental in nature, the Court holds that Plaintiff is not entitled to pre-judgment interest.
 I Facts and Travel
This suit arises from an April 5, 2006 accident in which Plaintiff, a school bus driver, sustained injury when her school bus tires became lodged in a trench on Fairview Street in Providence. Defendant, through its agent the Providence Water Supply Board ("PWSB"), dug the trench on March 22, 2006 to replace a water line.
On October 20, 2006, Plaintiff filed a complaint against Defendant for negligence by and through its public utility, the PWSB. A jury trial commenced on March 1, 2010. During trial, the Court instructed the jury as follows:
 "In this particular case we have a General Law, a statute, law 24-5-1, which explains the duties of cities and towns regarding *Page 2 
highways. . . . It's one of our older laws, but applies to `alleyways lying and being within the bounds of any city or town shall be kept in repair and amended from time to time so that the highways may be safe and convenient for travelers with their teams, carts, carriages and any automobiles at all seasons of the year. This is to be done under the proper charge and expense of the city, under the care and direction of the City Council of the city or town.' That is the General Law that applies in this situation.
 "Now, there would be no liability unless the City could, by reasonable supervision, have discovered the dangerous condition on Fairview Street in Providence. The question really is: had the City of Providence exercised reasonable supervision over the work, would they have learned of the dangerous condition, and would they have had an opportunity to fix, remedy or fill the hole or grade it for the protection of travelers." (Trial Tr. vol. 2, 418:5-419:2, March 4, 2010.)
On March 4, 2010, the jury returned a verdict for Plaintiff in the amount of $59,239.00, and the Court entered judgment on the verdict without interest. On March 18, 2010, Plaintiff filed the instant motion to include interest to which Defendant has objected.
 II Analysis
A brief chronology of our law pertaining to municipal immunity and pre-judgment interest is informative. Until 1970, municipal immunity for torts committed in the course of performing governmental functions was the general rule in Rhode Island. Laird v. ChryslerCorp., 460 A.2d 425, 428 (R.I. 1983) (citing Markham v.State, 99 R.I. 650, 210 A.2d 146 (1965); Quince v. State,94 R.I. 200, 179 A.2d 485 (1962)); see also Becker v.Beaudoin,106 R.I. 562, 571-72, 261 A.2d 896,901 (1970) (abrogating municipal immunity). In 1896, however, the Rhode Island General Assembly saw fit to create an early exception to the municipal immunity rule, exposing cities and towns to liability for injuries caused by defective town roads. P.L. 1896, ch. 72, s. 12. Today, G.L. 1956 § 24-5-13, entitled "Liability of cities *Page 3 
and towns for injuries from defective roads," mandates that "[t]he cities and towns shall also be liable to all persons who may in any way suffer injury to their persons or property by reason of any neglect, to be recovered in a civil action. . . ." "Neglect," as used in § 24-5-13 is a breach of the duty owed by towns to travelers upon town roads, a duty defined as follows in § 24-5-1(a):
 "All highways, causeways, and bridges, except as provided by this chapter, lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the highways, causeways, and bridges may be safe and convenient for travelers with their teams, carts, and carriages at all seasons of the year. . . ."
Read together, §§ 24-5-13 and 24-5-1 obligate cities and towns to repair and keep their roads in safe condition and allow travelers to seek recovery in civil actions for injuries caused by the cities' and towns' negligent failure to do so.
Concurrently, the General Assembly established parameters for the cause of action against cities and towns for damages from negligent road maintenance. P.L. 1896, ch. 36, s. 15. The relevant statute now provides:
 "If any person receives or suffers bodily injury or damage to that person's property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner provided in this chapter, from the town, the amount of damages, sustained by the aggrieved person, if the town had reasonable notice of the defect, or might have had notice of the defect by the exercise of proper care and diligence on its part." G.L. 1956 § 45-15-8 (emphasis added).
Section 45-15-8 thus sought to further define a cause of action against towns for a breach of the duty set forth in Section 24-5-1(a). *Page 4 
Several years later, in 1909, the General Assembly placed a cap on the damages recoverable for personal injuries sustained from municipalities' neglect to maintain town roads, thereby resurrecting some small semblance of municipal immunity in the context of road maintenance. P.L. 1909, ch. 46, s. 17 (setting cap at $4000). Today, the maximum recovery for personal injuries under that law is $100,000. Sec. 45-15-12.
In 1958, the Rhode Island General Assembly first enacted a statute providing for pre-judgment interest on awards for damages in tort actions. P.L. 1958, ch. 126, s. 1; see also Kastal v. HickoryHouse, Inc.,95 R.I. 366, 368-69, 187 A.2d 262, 264 (1963) (considering purpose of pre-judgment interest statute as originally enacted). In its current iteration, § 9-21-10 provides for pre-and post-judgment interest in "any civil action in which a verdict is rendered or a decision made for pecuniary damages." Sec. 9-21-10.
In 1970, our Supreme Court addressed municipal immunity from tort liability beyond the context of road maintenance. The Court, inBecker, noted that "[t]he immunization of municipal corporations from liability for the tortious conduct engaged in by their officers or servants during the performance of a governmental function has been repudiated repeatedly," and followed suit in entirely abrogating the doctrine of municipal immunity by judicial decision. Becker,106 R.I. at 566, 571-72, 261 A.2d at 899, 901. The Becker
holding prompted passage of the Rhode Island State Tort Claims Act, which became effective July 1, 1970, and provided that "[t]he state of Rhode Island and any political subdivision thereof, including all cities and towns, shall . . . hereby be liable in all actions of tort in the same manner as a private individual or corporation." Sec. 9-31-1. In addition, much like § 45-15-12 (setting a cap on damages for injuries from negligent maintenance of town roads), the State Tort Claims Act established a ceiling for recovery inall tort actions against municipalities. Sec. 9-31-3. Section 9-31-3 *Page 5 
of the R.I. Gen. Laws addresses the cap on damages for tort claims against municipalities and may be read in pari materia
with § 9-31-2, which similarly addresses the cap on damages for tort claims against the state. It specifies:
 "In any tort action against any city or town or any fire district, any damages recovered therein shall not exceed the sum of one hundred thousand dollars ($100,000); provided, however, that in all instances in which the city or town or fire district was engaged in a proprietary function in the commission of the tort, the limitation on damages set forth in this section shall not apply." Sec. 9-31-3 (emphasis added).
In cases where the identical § 9-31-2 limitation on recovery applies, our Supreme Court has recognized that no pre-judgment interest may be attached. Lepore v. R.I. Public TransitAuth., 524 A.2d 574, 575 (R.I. 1987) (citing Andrade v.State, 448 A.2d 1293, 1297-98 (R.I. 1982) (Bevilacqua, C.J. dissenting)). Thus, where a municipality is engaged in a governmental — rather than proprietary — function in the commission of a tort, damages are capped and pre-judgment interest is barred.
This Court sees no reason to depart from the governmental-versus-proprietary pre-judgment interest analysis customarily used in tort actions against municipalities simply because this cause of action arose from a town's negligent maintenance of a roadway rather than some other municipal tort. Indeed, in Mulvaney v. Napolitano,671 A.2d 312 (R.I. 1995), a plaintiff who sustained personal injuries from a slip and fall on a Providence city road sued for — and recovered — damages for injury from negligent road maintenance pursuant to § 45-15-8, the correlate to §§ 24-5-1 and 24-5-13. Mulvaney, 671 A.2d at 312. The plaintiff then sought post-judgment interest. Id. In denying the plaintiff interest, the Mulvaney Court explained:
 "In Andrade v. State, this court addressed the issue of whether the general prejudgment interest statute, G.L. 1956 (1985 *Page 6 
Reenactment) § 9-21-10, applies to tort actions against the state, and we pointed out that the State Tort Claims Act compensates a plaintiff only for damages. Because prejudgment interest is not an element of damages and because the statute does not specifically provide for the award of prejudgment interest against the state, this court declined to incorporate the prejudgment interest statute into the State Tort Claims Act. . . .
 "Although Andrade addressed prejudgment interest, we are of the opinion that the same analysis is applicable to the award of postjudgment interest. . . . Therefore, we hold that the trial justice erred in awarding to plaintiff postjudgment interest. . . ." Id. at 312-13 (internal citations omitted).
Notably, the Mulvaney Court did not distinguish between claims arising under § 45-15-8 — pertaining solely to municipal road maintenance — and § 9-31-1 — pertaining to municipal torts generally — in deciding to withhold interest. Rather, the Court considered the broad implications of the State Tort Claims Act's cap on damages to a personal injury claim arising from purportedly negligent road maintenance.
Of course, implicit in the Mulvaney Court's reasoning is the notion that maintenance of a town road is a governmental function. Nevertheless, this Court is of the opinion that — in the interest of being thorough — further analysis is warranted.
It is well-settled in Rhode Island that a proprietary function is one which is not "so intertwined with governing that the government is obligated to perform it only by its own agents or employees."Lepore, 524 A.2d at 575 (quoting Xavier v. Cianci,479 A.2d 1179, 1182 (R.I. 1984)). Rather, a proprietary function is one which would ordinarily or easily be performed by a private individual or corporation. See id.; Hous. Auth. of City ofProvidence v. Oropeza, 713 A.2d 1262, 1263 (R.I. 1998) (quotingDeLong v. Prudential Prop. and Cas. Ins. Co.,583 A.2d 75, 76 (R.I. 1990)) ("The appropriate inquiry is `whether the activity [at issue] was one that a private person or corporation would be likely to carry out.'"). *Page 7 
Our Supreme Court fairly consistently has held that maintenance of public property is a governmental function for purposes of assessing pre-judgment interest. See, e.g., Matarese v.Dunham, 689 A.2d 1057 (R.I. 1997) (maintenance of government buildings is governmental function); Chakuroff v. Boyle,667 A.2d 1256 (R.I. 1995) (operation and maintenance of public school facility is governmental function); Saunders v.State, 446 A.2d 748 (R.I. 1982) (maintenance of correctional institution is governmental function). The Court strayed from this line of reasoning in Lepore, holding that maintenance of a public transportation authority was proprietary in nature.Lepore, 524 A.2d at 575. In Lepore, however, the Court emphasized the Rhode Island Public Transit Authority's ("RIPTA") history, namely that RIPTA was the successor to a private bus company operating in the Providence metropolitan area.Id. at 574-75. There, the Court stated, "In light of RIPTA's history it seems clear that the authority's activities could easily be performed by a private-business corporation. Therefore, we do not believe that maintaining a public-transportation authority is a function that is so intertwined with governing that we will consider it a governmental function." Id. at 575.
Conversely, the PWSB is a creation of the General Assembly rather than a result of de-privatization. See
P.L. 1915, ch. 1278 ("An Act to Furnish the City of Providence With a Supply of Pure Water"). Therefore, this Court findsLepore distinguishable from the instant matter.
Moreover, the Supreme Court previously has stated that a municipality's statutory obligation to maintain its highways is a governmental function. Mercado v. City of Providence,770 A.2d 445, 447 (R.I. 2001) (citing Karczmarczyk v. Quinn,98 R.I. 174, 179, 200 A.2d 461, 464 (1964)). Although in the context of public duty doctrine analysis, more recently our Supreme Court has reasoned that the maintenance of state highways is an activity that a private *Page 8 
individual typically would not perform.[1] See,e.g., Misurelli v. State of R.I. Dep't of Transp.,590 A.2d 877, 878 (R.I. 1991); Longtin v. D'Ambra Constr.Co., 588 A.2d 1044, 1046 (R.I. 1991) (citing Knudsen v.Hall 490 A.2d 976, 978 (R.I. 1985) and Ryan v. State Dep't ofTransp., 420 A.2d 841, 843 (R.I. 1980)); see also Catri v.Hopkins, 609 A.2d 966, 968 (R.I. 1992) (holding decision making involved in maintenance of intersection was discretionary activity protected by public duty doctrine). Indeed, in characterizing road maintenance as a governmental function, the Supreme Court has pointed to the state's and municipalities' exclusive, statutory obligations to construct, maintain, and oversee maintenance of state and municipal highways pursuant to §§ 24-8-14 and 24-5-1, respectively. See Mercado,770 A.2d at 447; Longtin, 588 A.2d at 1046; Knudsen,490 A.2d at 978.
Plaintiffs sole argument in support of a finding that road maintenance is a proprietary function is that the PWSB often hires contractors to perform permanent restoration on trenches. Therefore, Plaintiff maintains, road maintenance is undoubtedly an activity in which private corporations can and often do engage. For purposes of pre-judgment interest analysis, however, the Court finds that Plaintiff has mischaracterized the function at issue.
In engaging in a governmental-versus-proprietary analysis, a court must first properly characterize the function. Such characterization may be dispositive. See Adams v. R.I. Dep't of Corrections,973 A.2d 542, 546 (R.I. 2009) ("While it is true that administration of a federally funded [food] program could, potentially, be considered a governmental function, the *Page 9 
actual government function at issue in this case — namely, the storage and distribution of food — is an activity that business entities and private persons can and do perform regularly.");see also Karczmarczyk,98 R.I. at 179-80, 200 A.2d at 464 (distinguishing maintenance of highways as a governmental function from supplying a water hose for use by a contractor as a proprietary function).
Here, the Court instructed the jury at trial that there should be no liability imparted to Defendant unless Defendant "could, by reasonable supervision, have discovered the dangerous condition on Fairview Street in Providence." (Trial Tr. vol. 2, 418:20-22.) Therefore, the Court now finds that the function at issue is the oversight and supervision of road maintenance, a function that is expressly reserved for Defendant pursuant to § 24-5-1. Private contractors undoubtedly fill trenches on both state and town roads on a relatively regular basis. Nevertheless, private contractors are not responsible for the oversight of road maintenance; only the state or town bears that statutorily-created obligation.
 III Conclusion
After a thorough review of the pertinent Rhode Island statutes and our Supreme Court's application of those statutes, as well as due consideration of the record before it and the arguments advanced by counsel, the Court finds that oversight of road maintenance on Fairview Street in Providence is a governmental function. Accordingly, the Court denies Plaintiff's motion for pre-judgment interest pursuant to §§ 9-21-10 and 9-31-3 of the Rhode Island General Laws. Counsel shall submit the appropriate order for entry.
[1] To be sure, Fairview Street is not a state highway, but rather is a town road. Section 24-5-1 of the Rhode Island General Laws, much like its state highway counterpart, creates an exclusive obligation on the part of towns to ensure that town roads are kept in good repair. Sec. 24-5-1(a). It stands to reason, therefore, that the maintenance of town roads such as Fairview Street in Providence is — like the maintenance of state highways — an activity that a private individual typically would not perform and thus constitutes a governmental function. See Misurelli,590 A.2d at 878; Longtin, 588 A.2d at 1046.

 *Page 1